**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| CALVARY CHAPEL SAN JOSE, et al.,<br><br>          Plaintiffs,<br><br>     v.<br><br>SARA CODY, et al.,<br><br>          Defendants. | Case No.  20-cv-03794-BLF<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND** |

This case involves the intersection of the religious freedom of some and the public health of all. Plaintiffs Calvary Chapel San Jose, Southridge Baptist Church of San Jose California d/b/a Southridge Church, Mike McClure, and Micaiah Irmler (collectively "Plaintiffs"), are suing certain Santa Clara County officials in their official capacities—Dr. Sara Cody, Santa Clara County Public Health Officer, and the individuals who serve as Santa Clara County Supervisors: Mike Wasserman, Cindy Chavez, Dave Cortese, Susan Ellenber, and Joe Simitian—for violating their First Amendment and state constitutional religious freedom rights and state constitutional right to privacy with a County public health order aimed at stopping the spread of the COVID-19 pandemic. *See* Compl., ECF 1. Defendants have filed a motion to dismiss all claims on several grounds. *See* Mot., ECF 20. Plaintiffs filed a brief in opposition, *see* Opp'n, ECF 21. At the November 5, 2020 oral argument, Plaintiffs indicated that they plan to file an amended complaint substantially revising the existing claims and adding additional claims. Defendants do not oppose Plaintiffs seeking leave to amend.

Accordingly, as stated on the record, the Court GRANTS Defendants' motion to dismiss. Claims against the County Supervisors are dismissed WITHOUT LEAVE to amend, as Plaintiffs have failed to plead facts establishing that the County Supervisors have a role in drafting the

public health orders or enforcing them, and Plaintiffs have not shown that they could add such facts by further amendment. All claims against Defendant Cody are dismissed WITH LEAVE to amend. The dismissal of the County Supervisors is without prejudice to adding additional claims against them in the amended complaint. This written order memorializes the ruling.

### A. Constitutional Religious Freedom Claims

Plaintiffs bring claims against the County's Stay-at-home order ("County Order") that was signed by Defendant Cody and effective as of June 5, 2020, for violating their right to free exercise of religion under both the First Amendment of the U.S. Constitution and Art. 1, sec. 4 of the California Constitution, and the Establishment Clause of the First Amendment of the U.S. Constitution. Compl. ¶¶ 92-144. Defendants move to dismiss the free exercise claims under *Jacobson v. Massachusetts*, which holds that when a state or locality exercises emergency police powers to enact an emergency public health measure, courts will uphold it unless (1) there is no real or substantial relation to public health, or (2) the measures are "beyond all question, a plain, palpable invasion of rights secured by the fundamental law" 197 U.S. 11, 31 (1905); Mot. 13-16. Defendants move to dismiss the establishment clause claim under test set forth in *Lemon v. Kurtzman*, 403 U.S. 602 (1971). Mot. 20-21. Under *Lemon*, a government act is consistent with the Establishment Clause if it: (1) has a secular purpose; (2) has a principal or primary effect that neither advances nor disapproves of religion; and (3) does not foster excessive governmental entanglement with religion. *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1255 (9th Cir. 2007) (citing *Lemon*, 403 U.S. at 612-13). Plaintiffs argue that the *Jacobson* standard does not apply in this instance and that the County Order is not neutral and generally applicable and is not narrowly tailored to serve the government's interest in health and safety. Opp'n 6-19.

The Supreme Court recently invoked the *Jacobson* standard when denying an application for injunctive relief against California Governor Gavin Newsom's executive order aimed to limit the spread of COVID-19. *S. Bay United Pentecostal Church v. Newsom*, 140 S. Ct. 1613 (2020). "Our Constitution principally entrusts '[t]he safety and the health of the people' to the politically accountable officials of the States 'to guard and protect.'" *Id.* at 1613 (Roberts, C.J., concurring) (citing *Jacobson*, 197 U.S. at 38). "When those officials 'undertake[ ] to act in areas fraught with

1    medical and scientific uncertainties,' their latitude 'must be especially broad.'" *S. Bay United*

2    *Pentecostal Church*, 140 S. Ct. at 1613 (Roberts, C.J., concurring) (citing *Marshall v. United*

3    *States*, 414 U.S. 417, 427 (1974)). Here, Plaintiffs have failed to plead any facts demonstrating

4    that the County Order lacks a substantial relation to public health or is "beyond all question a plain

5    and palpable invasion of rights secured by the fundamental law."

6           Similarly, with the establishment clause claim and the *Lemon* test, Plaintiffs have failed to

7    allege facts showing that the County Order does not have a secular purpose, a principal or

8    primary effect that neither advances nor disapproves of religion, or does not foster excessive

9    government entanglement with religion. Accordingly, these claims are DISMISSED WITHOUT

10   PREJUDICE.

11          **B.  Privacy Claim**

12          Plaintiffs argue that the portion of the County Order that mandates Plaintiffs record "names

13   and contact information" of all people that attend religious services and use that information to

14   "assist the County Public Health Department in any case investigation and contact tracing"

15   violates their right to privacy. Compl. ¶¶ 145-151. Defendants move to dismiss the claim because

16   Plaintiffs lack standing. Mot. 22-23. Specifically, Plaintiffs fail to plead what privacy interest is

17   allegedly being invaded by asking a gathering host to collect attendee contact information—"The

18   Complaint states only that the contact-tracing provision and the 'enforcement' thereof 'implicate

19   Plaintiffs' legally protected privacy interest' ([Compl.] at ¶ 145), but that allegation does not

20   establish an injury in fact to these Plaintiffs." Mot. 22. Plaintiffs further develop their theory on

21   this claim in their opposition brief, *see* Opp'n 19-21, but those theories are not found in the

22   complaint. The Court agrees with Defendants that Plaintiffs have failed, at this point, to

23   adequately plead a privacy interest that has been invaded, and therefore they lack standing to

24   pursue this claim. Accordingly, the Court will DISMISS this claim WITHOUT PREJUDICE.

25          **C.  Conclusion**

26          Plaintiffs claims against the County Supervisors are DISMISSED WITH PREJUDICE.

27   The remaining claims are DISMISSED WITHOUT PREJUDICE. As discussed at the hearing,

28   Plaintiffs have until December 11, 2020, to amend their complaint. The parties are to file a joint

1   statement and copy of any orders issued in the parallel state proceedings involving the parties.

2   **IT IS SO ORDERED.**

3

4   Dated: November 5, 2020

5

6   BETH LABSON FREEMAN
    United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California