1

2

3                       **UNITED STATES DISTRICT COURT**

4                     **NORTHERN DISTRICT OF CALIFORNIA**

5                             **SAN JOSE DIVISION**

6

7    CALVARY CHAPEL SAN JOSE, et al.,        Case No.  20-cv-03794-BLF

8                          Plaintiffs,

9              v.                            **ORDER GRANTING MOTION FOR**
                                             **LEAVE TO FILE THIRD AMENDED**
10   SARA CODY, et al.,                      **COMPLAINT**

11                         Defendants.       [Re:  ECF No. 102]

12

13          Before the Court is Plaintiffs' Motion for Leave to File a Third Amended Complaint.  ECF

14   No. 102 ("Motion" or "Mot."); *see also* ECF No. 113 ("Reply").  Plaintiffs seek to amend their

15   Second Amended Complaint to add updates to the COVID-19 orders; include additional facts

16   about the State and County's justification for those orders; add as a defendant Santa Clara County

17   Counsel James Williams and assert a First Amendment retaliation claim against him; and add an

18   equal protection claim.  *See* Mot. at 4.  Both the State and County Defendants oppose the Motion,

19   arguing that it does not meet the "good cause" standard under Federal Rule of Civil Procedure 16;

20   that the new equal protection claim is moot; and that the claims against County Counsel Williams

21   are an "inappropriate distraction" from the issues in this case.  *See* ECF Nos. 109 ("County

22   Opp."), 114 ("State Opp.").  The Court previously found this Motion suitable for disposition

23   without oral argument and vacated the hearing.  *See* ECF No. 114.  For the following reasons, the

24   Court GRANTS the Motion.

25   **I.    RELEVANT BACKGROUND**

26          A fuller background of this case is recounted in the Court's order denying Plaintiffs'

27   application for a temporary restraining order.  *See* ECF No. 67 at 2-6.  As is relevant here,

28   Plaintiffs on June 9, 2020 filed their original complaint.  *See* ECF No. 1.  The Court granted

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

1  Defendants' motion to dismiss with leave to amend based in part on Plaintiffs' stated desire to

2  amend. *See* ECF No. 30. Plaintiffs then filed an amended complaint and an application for a

3  temporary restraining order. *See* ECF Nos. 38, 42. The Court denied the application for a

4  temporary restraining order on December 18, 2020. *See* ECF No. 67. In the face of another

5  motion to dismiss, Plaintiffs stipulated with Defendants to file a Second Amended Complaint,

6  which is currently the operative complaint, in March 2021. *See* ECF Nos. 80, 81. After some

7  discovery progressed, the Parties sought time to attempt to agree on a stipulation for Plaintiffs to

8  file a third amended complaint. *See* ECF No. 88. While those negotiations were ongoing, the

9  Court granted Defendants' *ex parte* application for a stay of discovery. *See* ECF No. 97.

10      The Parties could not reach agreement on a stipulation for Plaintiffs to file a third amended

11  complaint, necessitating the instant Motion. Plaintiffs seek to file an amendment complaint that

12  includes the following changes: (1) "updates to the COVID-19 orders"; (2) "additional facts

13  regarding the State and County's justification for their COVID-19 orders"; (3) "information

14  regarding case study reports produced by Santa Clara County in discovery"; (4) "expands the

15  causes of action to include County Counsel James Williams"; (5) adding an Equal Protection

16  claim; (6) adding a First Amendment retaliation claim against Mr. Williams; and (7) adding

17  additional facts regarding Mr. Williams. Mot. at 4.

18  **II.     LEGAL STANDARD**

19      Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a

20  matter of course within 21 days of serving it. Fed. R. Civ. P. 15(a)(1). Further amendment of the

21  pleadings is allowed with the opposing party's consent or leave of the court. *Id.* R. 15(a)(2). The

22  factors considered when determining whether to grant leave to amend include: "(1) bad faith on

23  the part of the movant; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of the

24  proposed amendment." *Ciampi v. City of Palo Alto*, 2010 WL 5174013, at *2 (N.D. Cal. Dec. 15,

25  2010) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)). However, "[o]nce the district court

26  ha[s] filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which

27  established a timetable for amending pleadings[,] that rule's standards control[]." *Johnson v.*

28  *Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). A party seeking to amend a

2

scheduling order must show "good cause" for such relief.  Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").  If the moving party establishes "good cause" to modify the scheduling order, "it must then demonstrate that its motion is also proper under Rule 15."  *Rodarte v. Alameda Cty.*, 2015 WL 5440788, at *2 (N.D. Cal. Sept. 15, 2015) (citing *Johnson,* 975 F.2d at 608).

The "good cause" analysis "is not coextensive with an inquiry into the propriety of the amendment under [] Rule 15."  *Johnson*, 975 F.2d at 609.  "Unlike Rule 15(a)'s liberal amendment policy . . .  Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."  *Id.*  Courts may take into account any resulting prejudice to the opposing party, but "the focus of the [Rule 16(b)] inquiry is upon the moving party's reasons for seeking modification ... [i]f that party was not diligent, the inquiry should end."  *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 135 S. Ct. 1591 (2015) (quoting *Johnson,* 975 F.2d at 609).

## III.   DISCUSSION

The Court's January 21, 2021 Case Management Order established a 60-day deadline for amendment of the pleadings.  *See* ECF No. 72 ¶ 2.  That deadline passed on Monday, March 22, 2021, and so Plaintiffs must meet the good cause standard of Rule 16(b) to justify amendment.  *See Johnson*, 975 F.2d at 607-08.  Accordingly, the Court first analyzes whether there is good cause to amend the complaint after the deadline.  Finding there is good cause for amendment, the Court then examines whether the *Foman* factors favor amendment.

### A.   Rule 16:  Good Cause

Plaintiffs have established good cause to file a further amended complaint.  Plaintiffs argue that they meet the "good cause" standard because they diligently pursued each of their amendments once they became aware of the relevant facts.  Reply at 1-3.  Defendants argue in opposition that Plaintiffs were aware of the facts underlying their new allegations, especially those regarding Mr. Williams, prior to their previous amendment.  County Opp. at 4-5; State Opp. at 3.

The Court finds that Plaintiffs have established good cause for their amendments and have been reasonably diligent in pursuing those amendments.  The Parties do not dispute that Plaintiffs

United States District Court
Northern District of California

United States District Court
Northern District of California

1  have been negotiating with Defendants since April 2021 on a possible stipulation for filing a Third

2  Amended Complaint.  *See* ECF No. 84 (first stipulation for negotiations regarding filing of Third

3  Amended Complaint).  Each of the proposed amendments were properly pursued through that

4  process.  Plaintiffs promptly informed Defendants' counsel at the beginning of negotiations that

5  the amendments would not be limited to updates to COVID-19 orders.  McClure Decl. ¶ 8.

6  Plaintiffs' counsel sought to include allegations and claims against Mr. Williams of which they

7  had been informed only at the time negotiations with Defendants began.  *Id.* ¶¶ 5-11; *cf. Chinitz v.*

8  *Intero Real Estate Servs.*, 2021 WL 1753786, at *1 (N.D. Cal. May 4, 2021) (motion for leave to

9  amend filed "[a]s soon as" counsel became aware of factual basis for doing so).  And through the

10  limited discovery that has occurred so far, Plaintiffs learned new facts that they allege warrant a

11  new equal protection claim.  Reply at 4.  The Court cannot say that Plaintiffs have not been

12  diligent in pursuing these amendments, and so finds good cause to allow amendment.

      **B.   Rule 15:  *Foman* Factors**

13      Having found good cause for amendment, the Court now evaluates whether amendment is

14  warranted under Rule 15(a).  *Rodarte*, 2015 WL 5440788, at *2.  The Court considers the four

15  *Foman* factors in turn:  "(1) bad faith on the part of the movant; (2) undue delay; (3) prejudice to

16  the opposing party; and (4) futility of the proposed amendment."  *Ciampi*, 2010 WL 5174013, at

17  *2.

18      First, the Court does not find any bad faith or undue delay by Plaintiffs in pursuing these

19  amendments.  Defendants spent several months attempting to reach a stipulation with Plaintiffs to

20  file the Third Amended Complaint.  When those efforts failed, they promptly filed a motion for

21  leave to amend.  Defendants make much of Plaintiffs' counsel's remark during negotiations on the

22  stipulation that the claims against Mr. Williams would "only distract from the main issues and are

23  not appropriate for this venue," Wall Decl., Ex. A, but the Court declines to find bad faith from

24  this remark alone.  At the time that remark was made, Plaintiffs were likely narrowing the scope of

25  their proposed amendments to attempt to reach agreement with Defendants.  Once it became clear

26  that agreement could not be reached, Plaintiffs did not act in bad faith by adding back claims

27  against Mr. Williams for which they assert that they have a factual basis.  And as explained in the

1    Rule 16 analysis, the Court finds that Plaintiffs were reasonably diligent in seeking amendment, so

2    there is no "undue delay" here either.

3            Second, the Court does not find that Defendants will experience prejudice from the

4    amendment.  The Parties have only just begun discovery, the deadline to hear dispositive motions

5    is not until January 2023, and trial is not set until May 2023.  *See* ECF No. 72.  Furthermore, other

6    than this Motion, there are no motions pending.  Mr. Williams will not suffer prejudice from new

7    claims asserted against him because he has no doubt been aware of the pendency of this action

8    since its filing.  Finally, the equal protection claim does not overly broaden the scope of discovery

9    because Plaintiffs state that it was already-requested discovery that prompted them to seek leave to

10   add that claim to this lawsuit.

11           Finally, the Court does not find that the amendments are futile.  The State Defendants

12   argue that the equal protection claim is moot because of several injunctions entered against the

13   restrictions challenged in the proposed complaint, and that it is futile because the guidance at issue

14   applied to all indoor businesses and activities, not just churches.  State Opp. at 5-6.  Plaintiffs

15   dispute Defendants' futility analysis and counter that the injunctions do not cover the full relief

16   they seek.  Reply at 4-5.  The Court declines to resolve this disputed issue on a motion for leave to

17   amend.  "A proposed amendment may be denied as futile only 'if no set of facts can be proved

18   under the amendment to the pleadings that would constitute a valid and sufficient claim or

19   defense.'"  *Utterkar v. Ebix, Inc.*, 2015 WL 5027986, at *4 (N.D. Cal. Aug. 25, 2015) (quoting

20   *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)).  There are reasonable arguments

21   to be made by both Parties as to whether the equal protection claim is moot, but the Court declines

22   to rule on this issue without the benefit of full briefing.  For now, it suffices to say that the Court

23   cannot say that there is "no set of facts" under which an equal protection claim would succeed.

24   *Miller*, 845 F.2d at 214.

25           Accordingly, the *Foman* factors favor amendment here.

26   **IV.    ORDER**

27           For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiffs' Motion for Leave to

28   File a Third Amended Complaint is GRANTED.  Plaintiffs SHALL promptly file their Third

United States District Court
Northern District of California

Amended Complaint as a separate entry on the docket.  If Defendants choose to file a motion to dismiss, they are limited to 25 pages total across all briefs.  In other words, separate briefs may be filed, but the total number of pages for all of the briefs together may be no more than 25 pages. Plaintiffs are similarly limited to 25 pages total in opposition, and Defendants may file replies up to 15 total pages across all reply briefs.

Dated:  September 27, 2021

BETH LABSON FREEMAN
United States District Judge