UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CALVARY CHAPEL SAN JOSE, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>SARA CODY, et al.,<br><br>    Defendants. | Case No. 20-cv-03794-BLF<br><br>**ORDER DENYING COUNTY DEFENDANTS' MOTION TO STAY; EXTENDING DEADLINE TO FILE RESPONSE TO FOURTH AMENDED COMPLAINT; DENYING AS MOOT ADMINISTRATIVE MOTION TO SHORTEN TIME**<br><br>[Re: ECF No. 170, 174] |

The County Defendants have filed a motion to stay this case (except settlement discussions) pending final judgment in parallel proceedings in the Santa Clara County Superior Court. *See* ECF No. 170 ("Mot.") (citing *People of the State of California v. Calvary Chapel San Jose*, No. 20CV372285 (Santa Clara Cnty. Super. Ct.)); *see also* ECF No. 177 ("Reply"). The County Defendants argue that the state court case, in which the County is seeking to reduce to a judgment fines it levied against Plaintiffs for violating state and county COVID-19 public health orders, will resolve many of the issues pending in this case, including whether the health orders violated the First Amendment's Free Exercise Clause and whether the amount of the fine levied by the County violates the Eighth Amendment's Excessive Fines Clause. Plaintiffs oppose the motion, arguing that they would suffer prejudice because the state court case is "nowhere near finishing," that resolving this case first would have a bigger impact on the state court case than vice versa, and that staying the case would give the County an impermissible tactical advantage. ECF No. 175 ("Opp."). The Court finds this motion suitable for disposition without oral

argument.[1]  *See* Civil L.R. 7-1(b).  For the reasons stated below, the motion to stay is DENIED, and the County's deadline to respond to the Fourth Amended Complaint is EXTENDED to June 9, 2022.

## I. BACKGROUND

This case has been pending for nearly 2 years since its filing on June 9, 2020.  ECF No. 1.  The parties are well familiar with this case's background and procedural history.  As is relevant here, the Court has adjudicated several motions.  First, the Court granted the County's motion to dismiss on November 5, 2020.  ECF No. 30.  Plaintiffs' First Amended Complaint added as defendants several State of California-related individuals.  ECF No. 38.  The Court soon after denied a motion for a temporary restraining order enjoining the related state court case against them.  *See* ECF No. 67.  By stipulation, Plaintiffs filed a Second Amended Complaint, ECF No. 81, and the Court later granted Plaintiffs' motion for leave to file a Third Amended Complaint.  ECF No. 115.  The Court has twice stayed discovery or parts of discovery in this case.  ECF Nos. 97, 134.

On March 18, 2022, the Court issued an order granting in part and denying in part motions to dismiss the Third Amended Complaint.  ECF No. 156.  The Court dismissed claims against the State of California officials with prejudice.  *Id.* at 15.  The Court dismissed all claims for injunctive and declaratory relief against the County Defendants as moot, but allowed their claims for nominal damages in large part to proceed, either permitting amendment or denying the County Defendants' motion to dismiss those claims as pleaded.  *See id.* at 27 (summarizing claim-by-claim rulings).

In the context of ruling on Plaintiffs' claim under the Eighth Amendment, the Court noted that although the state court had denied Plaintiffs' demurrer to the Eighth Amendment claim, the order on the demurrer "[did] not set the final amount of the fine [or] rule that any fine is necessarily warranted after an examination of the evidence."  ECF No. 156 at 23–24.  Accordingly, the Court could not determine if the fine was excessive under the Eight Amendment.

---

[1] The administrative motion to shorten time (ECF No. 174) is therefore DENIED AS MOOT.

*Id.* at 24. The Court noted that the County had made "a cursory request for the Court to stay this claim (or this lawsuit) to wait for resolution of the state court litigation." *Id.* The Court found the request for a stay "not adequately briefed," but stated that it "may be receptive to a request for a stay" because (1) the amount of the fine had not been set, and (2) "rulings in the state court may have an effect on resolution of the issues in this litigation" given that some issues in the two cases overlapped. *Id.* The Court noted that it was not prejudging the propriety of a stay and was merely "noting these issues for the parties' consideration when determining if a request for a stay would be appropriate." *Id.*

Plaintiffs filed the Fourth Amended Complaint on April 15, 2022. ECF No. 167. The County Defendants' response to the complaint is currently due on May 27, 2022. ECF No. 169 (approved stipulation). The County Defendants filed this motion to stay on May 4, 2022, *see* Mot., which Plaintiffs have opposed, *see* Opp. The Court's decision on the motion moots the County Defendants' administrative motion to shorten time, which sought an earlier hearing and extension of time to respond to the Fourth Amended Complaint. *See* ECF No. 174.

## II.  LEGAL STANDARD

"Granting a motion to stay is within the sound discretion of the Court." *Fuller v. Amerigas Propane, Inc.*, 2009 WL 2390358, at *1 (N.D. Cal. Aug. 3, 2009). The power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.* (quoting *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (internal quotation marks omitted))).

"In considering whether a stay is appropriate, the Court weighs three factors: [1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Prescott v. Nestle USA, Inc.*, 2020 WL 7053317, at *2 (N.D. Cal. 2020). These factors are drawn from the Supreme Court's decision in *Landis*. *Id.*

### III. DISCUSSION

The Court considers each of the *Landis* factors in turn.[2]

#### A. Damage to Plaintiffs if Stay is Granted

The Court first considers the possible damage that would result from the granting of a stay. *Prescott*, 2020 WL 7053317, at *3. The County Defendants argue that Plaintiffs will not be harmed by a stay because the COVID-19 restrictions they challenge have long been rescinded and Plaintiffs now only seek nominal damages. Mtn. at 8. The County Defendants also say that neither defending the state court lawsuit nor a delay in the progress of this lawsuit are hardships under the law. *Id.* The County Defendants also attack what they characterize as Plaintiffs' renewed request to enjoin the state court proceedings. *Id.* at 8–9. Plaintiffs argue they will suffer severe prejudice because they filed this case two years ago and have expended significant resources in litigating the case (including nearly $1 million in legal fees) on a compressed time schedule. Opp. at 6. They further contend that the County is seeking to gain an impermissible advantage now that they will not be able to end this case quickly. *Id.* at 6–7.

The Court finds that Plaintiffs will suffer prejudice from a stay of this case. Plaintiffs are correct that this case was filed before the state court case and that they have expended significant resources litigating this case, including through multiple rounds of motions to dismiss and several other motions (including motions to stay and the motion for a temporary restraining order). Plaintiffs and the County have engaged in significant discovery thus far, including written discovery and document productions. ECF No. 175-1 ("Gondiero Decl.") ¶¶ 5–6. Although the parties have not yet scheduled depositions, they have begun that process. *Id.* ¶ 6; ECF No. 177-1 ("Wall Supp. Decl.") ¶¶ 9–10.

The Court does not find the County Defendants' arguments persuasive. First, the County Defendants' arguments against Plaintiffs' purported requests for injunctive relief are not properly

---

[2] Because the Court denies the County Defendants' motion to stay on the merits, it need not consider whether the motion should be denied because the County Defendants failed to confer with Plaintiffs' counsel first. *See* Opp. at 4.

4

adjudicated in this motion to stay. *See* Mtn. at 8 (arguing the request to "enjoin enforcement of the fines," *see* 4AC ¶ 104, is "foreclosed by the Court's order" on the previous motion to dismiss). Second, the Court rejects the County Defendants' argument that Plaintiffs will suffer no harm from delayed resolution of their claims for nominal damages in this case. The parties disagree about the comparative progress in this case and the state court case. *Compare* Mtn. at 9 (arguing that the state court case is "about to proceed to summary judgment") *and* Reply at 2 (same), *with* Opp. at 5 (arguing that the state court case has been pending for less time, "no trial date has been set," and some issues are being litigated in the California Court of Appeal). The Court need not resolve who more accurately characterizes the progress of the state court proceedings because any stay pending resolution of the state court case would be indefinite. The indefinite nature of the proposed stay weighs against its imposition. *See Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979) ("A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time."); *see also Yong v. I.N.S.*, 208 F.3d 1116, 1120–21 (9th Cir. 2000) (finding abuse of discretion where stay was imposed pending resolution of appeal because, although the stay ultimately lasted only five months, its term was indefinite at the time it was imposed). This is true notwithstanding the County Defendants' assertion that they "plan[] to file a summary judgment motion in the state court case soon," Reply at 3, because there is no way of determining when the County Defendants will file, how long the state court will take to adjudicate that motion, and whether that motion will be granted or denied.

This factor thus weighs in favor of a stay.

**B.     Hardship to County Defendants if Required to Go Forward**

The Court next considers the hardship or inequity which a party may suffer in being required to go forward. *Prescott*, 2020 WL 7053317, at *3. The County Defendants argue that they (and Plaintiffs) will waste time and judicial resources by responding to motions and discovery in both proceedings at the same time because the issues in the state dispute are the same. Mtn. at 10. They point in particular to Plaintiffs' request to enjoin enforcement of the fines, which are directly at issue in the state court case. *Id.* Plaintiffs argue that the County Defendants will not suffer any prejudice in litigating the constitutional issues here and that the County Defendants

1 cannot claim hardship given their delay in seeking a stay "until it became clear that they would not win a quick victory." Opp. at 5.

The County Defendants' own cited cases refute their argument that they would face prejudice merely from litigating lawsuits in multiple forums. For example, in the context of arguing that Plaintiffs' purported request to enjoin enforcement of the fines is not grounds to *deny* a stay, the County Defendants argue that "being forced to defend a lawsuit" is not alone a sufficient hardship for a stay. *See* Mtn. at 8–9 (citing, *inter alia*, *American Honda Motor Co., Inc. v. Coast Distrib. Sys., Inc.*, 2007 WL 672521, at *2 (N.D. Cal. Feb. 26, 2007)). But *American Honda* in fact supports Plaintiffs' position. That case involved the reverse situation of this case—the party seeking the stay argued that it would suffer prejudice from *having to go forward* while litigating in two forums. The Court rejected that argument and denied a stay. *American Honda*, 2007 WL 672521, at *2. If anything, *American Honda* thus supports denying a stay here.

The Court also finds it notable that the County Defendants have not until now sought a full stay of this action. The thrust of Plaintiffs' claims against the County's health orders have always been clear, notwithstanding the evolving County health orders and amendments to the complaint. The County never sought a full stay of this case until a single-sentence mention in their motion to dismiss the Third Amended Complaint in November 2021, a year-and-a-half into the case. ECF No. 135 at 4. Even that request was seemingly only directed at the Excessive Fines claim. *Id.* To request a full stay after this amount of litigation weighs against the County Defendants' claim of prejudice.

**C.    The Orderly Course of Justice**

Finally, the Court considers "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Prescott v. Nestle USA, Inc.*, 2020 WL 7053317, at *2. The County Defendants argue that this case and the state court action "present the same legal issues based on the same facts and involving many of the same parties." *See* Mtn. at 5 (citing *L.A. Printex Indus., Inc. v. Did Fabric, Inc.*, 2015 WL 12696174, at *2 (C.D. Cal. Nov. 17, 2015)). Plaintiffs' constitutional claims under the First, Eighth, and Fourteenth Amendments are asserted as an

6

affirmative defense in state court. *Id.* at 5–6.  The County Defendants repeat their argument about unnecessary expenditure of the parties' and the Court's resources, pointing in particular to the Eight Amendment claim and the unsettled amount of the fine. *Id.* at 7–8.  Plaintiffs respond that they asserted the constitutional arguments only as defenses in state court to "avoid waiving such arguments and to be consistent with their allegations in this case, which was filed first."  Opp. at 5.  The constitutional arguments "are not being litigated in the state court case," and the only issue being litigated there that "*could* be relevant" is the amount of the fine imposed. *Id.*

      The Court largely agrees with Plaintiffs, although this factor is much closer than the other two.  The Court starts from the premise that this case was filed before the state court case.  Plaintiffs raised at least some of their constitutional issues as primary claims against the County Defendants (or their predecessors) in this lawsuit in June 2020.  *See* ECF No. 1.  The state court lawsuit was not filed until four months later.  The Court also agrees that the constitutional issues are more prominently presented in this case than in the state court case, in which Plaintiffs present their constitutional defense in a single affirmative defense.  *See* ECF No. 170-1 Ex. D ¶ 12 (Tenth Affirmative Defense:  "public health orders and actions pursuant thereto exceed constitutional authority under the United States Constitution").  The Court has also adjudicated multiple motions in this case and so is familiar with the constitutional issues presented in this case.  Thus, while there are no doubt parallels between this action and the state court action and overlapping issues, the Court finds that the outcome of the state court action will not "control the instant action." *L.A. Printex Indus.*, 2015 WL 12696174, at *2 (outcome in state court action concerning the existence of a license would "substantially impact, if not control the instant action" over the same issue of existence of the license).

      The Eighth Amendment issue is a closer question.  Plaintiffs first asserted their Eighth Amendment claim in the First Amended Complaint, filed on November 25, 2020, shortly after the state court litigation began.  *See* ECF No. 38.  The amount of the fine imposed is an issue that will be decided by the state court, not this Court—except to the extent that a fine is imposed in state court and found by this Court to be excessive under the Eighth Amendment.  The Court has previously indicated that it cannot decide the Eighth Amendment issue until the amount of the fine

7

1 is decided by the state court.  *See* ECF No. 156 at 23–24.  Nevertheless, on balance, the Court will not stay litigation on this claim either.  The Court has already denied the County Defendants' motion to dismiss the Eighth Amendment claim, *see id.* at 23–24, so there is no question that claim will go forward.  The parties are already apparently engaging in discovery in state court related to the Excessive Fines issue, so any duplication of effort is minimal given that work has already been performed on this claim.  These findings weigh against a stay of only the Eighth Amendment claim.  As trial in this case approaches, it may be appropriate to consider severing the Eighth Amendment claim if the state court has not adjudicated the amount of the fine.

\*   \*   \*

The Court concludes that the three factors on balance weigh against a stay of this case pending disposition of the state court case.  The parties' deadline to file their motions for summary judgment is currently December 22, 2022, with trial set to begin in almost exactly one year on May 22, 2023.  *See* ECF No. 72.  As the pleadings become settled, discovery progresses, and those dates approach, the Court may be receptive to a continuance of the dispositive motion and trial dates if the state court case has not significantly progressed or resolved.  In the meantime, the parties should continue litigating this case and exploring settlement.  This case has been at the pleading stage for too long already.

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that the County Defendants' motion to stay is DENIED.  The Court EXTENDS the County Defendants' deadline to respond to the Fourth Amended Complaint to **June 9, 2022**.  The administrative motion to shorten time is DENIED AS MOOT.  Plaintiffs SHALL submit chambers copies of the Fourth Amended Complaint and all exhibits **no later than June 9, 2022**, in compliance with this Court's standing orders.  *See* Standing Order re Civil Cases § IX.

Dated: May 26, 2022

/s/ Beth Labson Freeman
BETH LABSON FREEMAN
United States District Judge