UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CALVARY CHAPEL SAN JOSE, et al.,<br><br>  Plaintiffs,<br><br> v.<br><br>SARA CODY, et al.,<br><br>  Defendants. | Case No. 20-cv-03794-BLF (VKD)<br><br>**ORDER RE JULY 19, 2022 DISCOVERY DISPUTE RE COUNTY PRIVILEGE CLAIMS**<br><br>Re: Dkt. No. 187 |

Plaintiffs and defendant County of Santa Clara ("County") ask the Court to resolve a dispute concerning documents withheld or redacted by the County to protect information that County contends is covered by the attorney-client privilege and/or the deliberative process privilege. Dkt. No. 187. The Court reviewed the disputed documents *in camera* and held a hearing on the matter on August 16, 2022. Dkt. No. 198. For the reasons explained below, the Court declines to order production of disputed materials.

I. **BACKGROUND**

Plaintiffs assert claims against the County and several of its officials for alleged violations of their First, Eighth, and Fourteenth Amendment rights and for violation of the California state constitution and the state's Bane Act, Cal. Civil Code § 52.1, in connection with the County's enforcement of state and local public health orders addressing the COVID-19 pandemic. *See* Dkt. No. 167. The County has filed an enforcement action against plaintiffs Calvary Chapel San Jose and Mike McClure for violating those public health orders and for creating a public nuisance, which is currently pending in Santa Clara County superior court. *See* Dkt. No. 156 at 6; Dkt. No. 195, Ex. B.

The County objects to producing certain documents or portions thereof, citing attorney-client privilege and/or deliberative process privilege. For purposes of this discovery dispute, the County has identified representative documents and redactions on a privilege log. Dkt. No. 189 at ECF 490-500. The parties' dispute concerns logged items 2-4, 15-21, 24, 26, 28, 30, 35-36, 38, and 199-120.[1] At the Court's direction, the County submitted the disputed documents *in camera* for the Court's review. Dkt. No. 188.

## II.     LEGAL STANDARD

### A.     Attorney-Client Privilege

The attorney-client privilege protects from discovery communications concerning legal advice sought from an attorney in his or her capacity as a professional legal advisor, where the communication is made in confidence, is intended to be maintained in confidence by the client, and is not disclosed to a third party. *United States v. Sanmina Corp.*, 968 F.3d 1107, 1116 (9th Cir. 2020). The privilege extends to a client's confidential disclosures to an attorney in order to obtain legal advice, as well as an attorney's advice in response to such disclosures. *United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009) (citations and quotations omitted). "Because it impedes full and free discovery of the truth, the attorney-client privilege is strictly construed." *Id.*

The party asserting attorney-client privilege bears the burden of proving that the privilege or protection applies. *See Ruehle*, 583 F.3d at 607-08; *In re Appl. of Republic of Ecuador*, 280 F.R.D. 506, 514 (N.D. Cal. 2012).

### B.     Deliberative Process Privilege

The deliberative process privilege protects the decision-making processes of government agencies, including "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001) (internal

---

[1] The parties' dispute has evolved since their original joint discovery dispute submission. *See* Dkt. No. 187. The County confirmed at the hearing that documents listed on the log as "produced" are not being withheld or redacted. Plaintiffs confirmed at the hearing that they do not challenge documents listed on the log as being withheld or redacted because they contain personally identifiable information or other private information. *See* Dkt. No. 198.

2

1  quotation marks omitted). "A document must meet two requirements for the deliberative process
2  privilege to apply. First, the document must be predecisional—it must have been generated before
3  the adoption of any agency's policy or decision." *FTC v. Warner Commc'ns Inc.*, 742 F.2d 1156,
4  1161 (9th Cir. 1984). "Second, the document must be deliberative in nature, containing opinions,
5  recommendations, or advice about agency policies." *Id.* "Purely factual material that does not
6  reflect deliberative processes is not protected." *Id.* Plaintiffs do not dispute that the privilege may
7  be invoked by state or local government agencies. *See* Dkt. No. 187 at 2, 5.

8  The deliberative process privilege is qualified, not absolute. "A litigant may obtain
9  deliberative materials if his or her need for the materials and the need for accurate fact-finding
10 override the government's interest in non-disclosure." *Warner*, 742 F.2d at 1161. In weighing the
11 competing interests, a court may consider: (1) the relevance of the evidence; (2) the availability of
12 other evidence; (3) the government's role in the litigation; and (4) the extent to which disclosure
13 would hinder frank and independent discussion regarding contemplated policies and decisions. *Id.*

## III. DISCUSSION

### A. Items 2-4, 15-21, 24, 26, 28, 30, 35-36: Attorney-Client Privilege

The County objects to producing items 2-4 in their entirety and to producing the redacted portions of items 15-21, 24, 26, 28, 30, 35-36. The County describes these materials as communications either seeking legal advice from attorneys for the County or providing that advice. *See* Dkt. No. 187 at 4. Plaintiffs argue that because the communications are principally between and among non-attorney public health officials, they cannot have been made for the purpose of obtaining legal advice, and merely copying an attorney on such communications does not bring them within the scope of the attorney-client privilege. *See id.* at 2.[2]

The Court has reviewed the disputed materials *in camera*. Based upon that review, the Court finds that the County's attorney-client privilege claims are warranted. Items 2-3 seek legal advice, and item 4 reflects the provision of legal advice. The text redacted from the remaining

---

[2] Plaintiffs confirmed during the hearing that they do not dispute the County's contention that, if the materials are privileged, the common interest doctrine applies to the extent the communications include participants who are not representatives of the County.

3

items is narrowly tailored to protect from disclosure only those communications seeking or reflecting advice of counsel. Accordingly, the County need not produce these items.

### B.     Items 2-4, 38, and 119-120: Deliberative Process Privilege

The County also objects to producing items 2-4, 38, and 119-120 in their entirety because they reflect discussion and deliberation regarding the scope of the draft shelter-in place order that was ultimately issued on March 16, 2020 (items 2-4) or discussion and deliberation regarding potential additional actions to be taken by state and local public health officials (items 38, 119-120).[3] *See id.* at 5. Plaintiffs do not address the County's objections with respect to items 2-4.[4] Plaintiffs argue that items 38 and 119-120 do not qualify for application of the deliberative process privilege because they post-date the relevant decision, which they say is the March 16, 2020 shelter-in place order.[5] *See id.* at 2. But even if they did qualify, plaintiffs say the privilege should give way to their need for these materials. *See id.* at 2-4.

Having reviewed the disputed materials *in camera,* the Court finds that all of these documents qualify for application of the deliberative process privilege because all of them reflect deliberation regarding either the March 16, 2020 shelter-in-place order, potential modifications to that order, or further actions and directives regarding measures to address the COVID-19 public health crises.

The Court next considers whether plaintiffs have demonstrated a need for these materials that overcomes the government's and the public's interest in ensuring that public health officials

---

[3] The County argues that plaintiffs failed to meet and confer about items 119-120 and objects to plaintiffs' inclusion of these items in the joint submission. Dkt. No. 187 at 7. However, at the hearing, the County indicated it was prepared to address its objections to disclosing these items.

[4] At the hearing, plaintiffs asserted that they did not understand that the County objects to production of items 2-4 on grounds of both attorney-client privilege and deliberative process privilege because the privilege log refers only to the attorney-client privilege. While plaintiffs are correct about the privilege log, the County's portion of the joint discovery dispute submission expressly invoked both privileges for items 2-4. The Court reminded the parties that the joint discovery dispute submission must reflect the parties' positions on the matters in dispute *after* the parties have fully discussed those matters. Had such discussion occurred in advance of the joint submission, there should have been no misunderstanding regarding the County's position.

[5] Plaintiffs do not challenge the manner in which the County invokes the deliberative process privilege. *See, e.g.*, *In re McKesson Gov't'l Entities Average Wholesale Price Litig.*, 264 F.R.D. 595, 601, 602 (N.D. Cal. 2009) (discussing authority re invoking deliberative process privilege).

4

are able to engage in candid and independent deliberations regarding how to address a public health crisis, unhindered by fear of public scrutiny of the decision-making process. Plaintiffs argue that they have no other means to obtain information about how and why the County and other public officials made the decisions at issue in this case because there is no administrative record. *See id.* at 3. This argument is not persuasive, given the extensive information that the County has already publicly disclosed or produced to plaintiffs about the decisions themselves and the reasoning behind the decisions, and informed the Court that it has or will make witnesses available to testify about these matters. *See id.* at 5-6.; Dkt. No. 198. While plaintiffs raise important questions concerning their constitutional rights, they have not shown that disclosure of the withheld materials is necessary to the prosecution of their claims. For example, plaintiffs argue that the County's "motive and intent" are relevant to their claims. However, when pressed during the hearing, plaintiffs could not explain how the withheld materials might reveal relevant information about the County's alleged discriminatory purpose in issuing the challenged orders, particularly if the documents in question contain no reference to places of worship or religious gatherings. *See* Dkt. No. 198. Similarly, plaintiffs have not explained how the County's decision-making process, as reflected in the disputed materials, is relevant to their claims challenging the public health orders as applied.

Because plaintiffs have not shown a need for the materials sufficient to overcome the government's interest in protecting these pre-decisional deliberations from disclosure, the Court concludes that the County need not produce these items.

**IV. CONCLUSION**

As explained above, the Court concludes that the disputed materials are privileged, and the County need not disclose them to plaintiffs in discovery.

**IT IS SO ORDERED.**

Dated: August 18, 2022

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge