UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CALVARY CHAPEL SAN JOSE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SARA CODY, et al.,<br><br>Defendants. | Case No. 20-cv-03794-BLF (VKD)<br><br>**ORDER RE AUGUST 11, 2022 DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 195 |

Plaintiffs and defendant County of Santa Clara ("County") ask the Court to resolve a dispute concerning the County's objections to plaintiffs' Interrogatory No. 4 and the County's anticipated objections to deposition questions about the County's prosecution of a civil enforcement action against plaintiffs Calvary Chapel San Jose ("Calvary Chapel") and Mike McClure. Dkt. No. 195. The Court held a hearing on the matter on August 16, 2022. Dkt. No. 198.

For the reasons explained below, the Court denies plaintiffs' request for an order compelling the County to provide a substantive answer to Interrogatory No. 4. The Court also denies, without prejudice, plaintiffs' request for a ruling in advance regarding whether the County may object to deposition questions on the basis of prosecutorial immunity.

I.  **BACKGROUND**

Plaintiffs assert claims against the County and several of its officials for alleged violations of their First, Eighth, and Fourteenth Amendment rights and for violation of the California state constitution and the state's Bane Act, Cal. Civil Code § 52.1, in connection with the County's enforcement of state and local public health orders addressing the COVID-19 pandemic. *See* Dkt.

No. 167. The County has filed an enforcement action against plaintiffs Calvary Chapel and Mike McClure for violating those public health orders and for creating a public nuisance, which is currently pending in Santa Clara County superior court ("state court action"). *See* Dkt. No. 156 at 6; Dkt. No. 195, Ex. B.

In the operative complaint, plaintiffs allege that "the County singled out churches like Plaintiffs for punishment, doling out millions of dollars in 'public health' fines, which were unprecedented and unrelated to any actual health risks," and is "still trying to collect more than $2.8 million in fines they have imposed on Plaintiffs for violating restrictions on indoor gathering, the face-covering mandate and the singing ban and for failing to sign the County's Social Distancing Protocol." Dkt. No. 167 ¶¶ 6, 80. They further allege that the fines are "grossly disproportionate to the harm allegedly done by Plaintiffs' refusal to follow all of the County's COVID-19 orders since last fall." *Id.* ¶ 130.

## II. LEGAL STANDARD

As a general matter, plaintiffs may obtain discovery of any unprivileged matter that is relevant to a claim or defense and that is "proportional to the needs of case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

## III. DISCUSSION

### A. Interrogatory No. 4

Plaintiffs seek discovery regarding the County's exercise of "prosecutorial discretion" in declining to seek payment in the state court action of the full amount of the fines Calvary Chapel incurred for violating the County's public health orders. Interrogatory No. 4 asks: "Explain why you decided to exercise prosecutorial discretion by lowering [Calvary Chapel]'s total administrative fines from $4,302,925 to [$]2,8,68,616.67, as set for in the [First Amended Complaint in the state court action]." Dkt. No. 195, Ex. A. The County objects to this interrogatory on three grounds. First, the County argues that plaintiffs have not made the showing

2

necessary to justify discovery regarding matters of prosecutorial discretion. Second, the County argues that the information requested is not relevant or proportional to the needs of the case. Third, the County argues the information is protected from disclosure by the attorney-client privilege and the work product doctrine. *See* Dkt. No. 195 at 4.

Plaintiffs explain that they do not assert a claim for selective prosecution in this action, and that Calvary Chapel and Mr. McClure do not raise selective prosecution as a defense in the state court action. *See id.* at 1; Dkt. No. 198. Rather, plaintiffs say that they are challenging the County's selective *enforcement* of the public health orders against churches like theirs. *See* Dkt. No. 195 at 2; Dkt. No. 198. Moreover, they argue that no preliminary showing is necessary for discovery regarding a claim or defense of selective enforcement where the conduct concerns a *civil* proceeding and not a *criminal* proceeding. Dkt. No. 195 at 2. The County points out that Interrogatory No. 4 clearly calls for discovery about the County's exercise of "prosecutorial discretion"—not only because that is literally what it says, but also because plaintiffs are attempting to discover why the County chose to file a complaint in the state court action against Calvary Chapel and Mr. McClure seeking a judgment in amount that is lower than the total amount of the fines for which those plaintiffs were liable, which *is* an exercise of prosecutorial discretion. *See* Dkt. No. 195, Ex. B ¶¶ 101-107. The County argues that plaintiffs have not asserted a selective prosecution or selective enforcement claim or defense in either this action or the state court action. *See* Dkt. No. 195 at 4.

With the exception of one assertion that churches were "singled out" for administrative fines, the operative complaint does not expressly claim that the urgency ordinance authorizing administrative fines for violations of public health orders was selectively enforced against places of worship or religious gatherings. Instead, plaintiffs assert claims that the public health order treated comparable entities differently and that the County imposed fines that were disproportionate to the harm done, but not that the orders were selectively enforced. *See, e.g.,* Dkt. No. 167 ¶¶ 99-100, 123, 130. However, even assuming plaintiffs state a claim for selective enforcement, Interrogatory No. 4 does not seek discovery of information related to such misconduct; it seeks discovery about a decision regarding prosecution of the claims asserted in the

3

state court action—i.e., the decision to seek less that the full amount of fines incurred. Plaintiffs have not shown that this discovery is relevant to any claim or defense in this case, and the Court will not require the County to answer the interrogatory for this reason.

Additionally, to the extent the County's decision to seek a reduced amount of fines in the state court action was based on the advice of counsel, plaintiffs are not entitled to discover what that advice was. It is irrelevant that County enforcement officers may have authority to levy less than the full amount of an authorized fine, as plaintiffs contend, if plaintiffs seek discovery instead of the exercise of discretion in filing a state court action against Calvary Chapel and Mr. McClure seeking a judgment awarding less than the full amount in fines.

### B. Assertion of Prosecutorial Immunity in Deposition Testimony

Plaintiffs ask the Court to "provide instruction as to whether the County is entitled to prosecutorial immunity before the depositions of two [C]ounty enforcement officers tentatively scheduled for August 22-23, 2022." Dkt. No. 195 at 1. The parties' briefing on this issue is very confusing, and it is not clear what questions might be asked during the upcoming depositions that potentially might elicit an objection based on "prosecutorial immunity." Plaintiffs say that they are concerned that the County will make the same objections in these upcoming depositions that it did during the deposition of Michael Balliet, the County's lead enforcement officer.[1] *Id.*

Accordingly, and for the reasons explained on the record during the hearing, the Court declines to issue any instructions in advance of the depositions, without prejudice to plaintiffs raising the issue on a better record. The parties should proceed with the depositions, make a record as to any objectionable questions, and then if they have a dispute, they may submit it to the Court for resolution.

### IV. CONCLUSION

For the reasons explained above, the Court denies plaintiffs' request for an order

---

[1] The pertinent portions of Mr. Balliet's deposition transcript were not provided to the Court before the hearing. The Court invited the parties to file these excerpts after the hearing, but no such filing has been made. In any event, the Court concludes that a review of Mr. Baillet's deposition transcript is unnecessary to resolution of this dispute.

4

compelling the County to provide a substantive answer to Interrogatory No. 4 and declines to provide instructions in advance of the upcoming depositions regarding whether the County may object to deposition questions on the basis of prosecutorial immunity.

**IT IS SO ORDERED.**

Dated: August 19, 2022

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge