UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CALVARY CHAPEL SAN JOSE, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>SARA CODY, et al.,<br><br>    Defendants. | Case No. 20-cv-03794-BLF (VKD)<br><br>**ORDER RE AUGUST 30, 2022 DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 201 |

Plaintiff Calvary Chapel and defendant County of Santa Clara ("County") ask the Court to resolve a dispute concerning Calvary Chapel's objections to the County's Rule 30(b)(6) deposition notice. Dkt. No. 201. The Court held a hearing on the matter on September 6, 2022. Dkt. No. 204.

For the reasons explained below, the Court concludes that the County may proceed with the noticed deposition, subject to the constraints and modifications noted below.

I.     **BACKGROUND**

Calvary Chapel asserts several claims against the County and its officials, including claims that the County subjected Calvary Chapel to fines that were unconstitutionally excessive in violation of the Eighth Amendment and Article 1, Section 7 of the California Constitution. *See* Dkt. No. 167 ¶¶ 126-136.

Calvary Chapel alleges that "the County singled out churches like Plaintiffs for punishment, doling out millions of dollars in 'public health' fines, which were unprecedented and unrelated to any actual health risks," and is "still trying to collect more than $2.8 million in fines they have imposed on Plaintiffs for violating restrictions on indoor gathering, the face-covering

1  mandate and the singing ban and for failing to sign the County's Social Distancing Protocol." *Id.*
2  ¶¶ 6, 80. It further alleges that the fines are "grossly disproportionate to the harm allegedly done
3  by Plaintiffs' refusal to follow all of the County's COVID-19 orders since last fall." *Id.* ¶ 130. In
4  addition, Calvary Chapel alleges that the public health orders "put substantial pressure on
5  Plaintiffs to violate their sincerely held religious beliefs by ignoring the fundamental teachings and
6  tenets of their religious texts including those tenets requiring assembly, worship with unveiled
7  faces, one-on-one prayer, singing and communion." *Id.* ¶ 100.
8        As framed by the parties, the County's deposition notice includes two categories of
9  deposition topics. Topics 1-17 seek testimony regarding Calvary Chapel's finances, and Topics
10 18-23 seek testimony regarding whether and how the County's public health orders required
11 Calvary Chapel to act in a manner inconsistent with its religious beliefs or practices. Calvary
12 Chapel objects that the deposition notices seek discovery that is duplicative or cumulative of
13 discovery the County has already taken, and that this discovery is not proportional to the needs of
14 the case. Calvary Chapel also objects that Topics 1-17 seek testimony that is not relevant to any
15 claim or defense.

16 **II.    LEGAL STANDARD**
17       As a general matter, the County may obtain discovery of any unprivileged matter that is
18 relevant to a claim or defense and that is "proportional to the needs of case, considering the
19 importance of the issues at stake in the action, the amount in controversy, the parties' relative
20 access to relevant information, the parties' resources, the importance of the discovery in resolving
21 the issues, and whether the burden or expense of the proposed discovery outweighs its likely
22 benefit." Fed. R. Civ. P. 26(b)(1).

23 **III.   DISCUSSION**
24       Calvary Chapel's principal objection is that the County's deposition notice is unreasonably
25 duplicative and cumulative of other discovery because Mr. McClure and other church employees
26 have already been deposed in their individual capacities and have testified regarding the same
27 topics. Dkt. No. 201 at 4-5. The County responds that it is entitled to obtain testimony binding on
28 the church by requiring it to designate and prepare a representative to answer questions on the

1  noticed topics, regardless of whether individual witnesses have also testified. *Id.* at 3. In addition,
2  the County argues that some of the topics encompass testimony about financial documents that
3  have only recently been produced and about which the County has not taken any deposition
4  testimony. *Id.* The Court agrees with the County. The mere fact that individual witnesses have
5  testified regarding subject matter that is within the scope of the notice does not make the County's
6  Rule 30(b)(6) deposition notice unreasonably duplicative. *See, e.g., Louisiana Pac. Corp. v.*
7  *Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 487 (N.D. Cal. 2012) (discussing
8  prevailing authority); *see also Kelly v. Provident Life & Acc. Ins. Co.*, No. 04CV807-AJB (BGS),
9  2011 WL 2448276, at *4 (S.D. Cal. June 20, 2011) (a party "is entitled to the knowledge of the
10 corporation and the corporation's positions on matters clearly relevant and discoverable in this
11 phase of the case. Therefore, any testimony provided by employees as individuals does not satisfy
12 the need for Plaintiff to obtain binding testimony from the corporate entity."). While the parties
13 may stipulate that the individual testimony of a witness will be binding on Calvary Chapel, the
14 Court will not require the County to so stipulate.

15 Calvary Chapel also objects that Topics 1-17 seek testimony that is not relevant to its
16 excessive fine claims.[1] Specifically, Calvary Chapel says that information about its finances is
17 irrelevant because it does not contend the fines are excessive compared to its ability to pay them,
18 but rather that the fines are excessive compared to the harm allegedly caused by its non-
19 compliance with the County's public health orders. Dkt. No. 201 at 5. The County responds that
20 the church's finances are relevant for at least two reasons. First, the County argues that Calvary
21 Chapel has put at issue the sheer amount of the fines by describing them as "bankruptcy-inducing"
22 in the complaint, and by suggesting that having to pay the fines would require the church to divert
23 money from its ministries and other church community obligations. Second, the County argues
24 that the extent to which Calvary Chapel may have benefited—in the form of increased donations,
25 tithes, or other monetary contributions—by violating the public health orders is relevant to
26 assessing Calvary Chapel's culpability for the offenses, which is one of the factors that informs

---

[1] Calvary Chapel does not argue that Topics 18-23 seek testimony that is not relevant to a claim or defense.

3

the excessive fines analysis under *U.S. v. Bajakajian*, 524 U.S. 321 (1998). *Id.* at 2-3. The Court agrees with the County on both points. *See, e.g., Balice v. U.S. Dept. of Agriculture*, 203 F.3d 684, 699 (9th Cir. 2000) (observing that the fine in question was less than plaintiff's potential profit from unlawfully handling his almond reserves in violation of USDA regulations).

Calvary Chapel raises two additional objections that are specific to a subset of the topics in the proposed deposition notice. First, Calvary Chapel argues that some topics are overbroad to the extent they require testimony about financial information dating back to January 1, 2017, more than three years before the first public health order issued. Dkt. No. 201 at 4 & Ex. 1 (Topics 1-4, 6, 9-10). The County explains that it requires a pre-pandemic baseline about the church's finances against which to compare the church's finances during the period of non-compliance. *Id.* at 4. However, during the hearing, the County agreed to limit the relevant discovery to information dating back to January 1, 2018. The Court agrees that this narrowing is appropriate, and orders that Topics 1-4, 6, and 9-10 shall be limited to information dating back to January 1, 2018.

Second, Calvary Chapel argues that some topics require it to disclose the identities of individuals or entities that have donated to the church and that such disclosure implicates First Amendment concerns. *Id.* at 5 & Ex. 1 (Topics 4-7, 11-12). The County responds that none of the topics asks for the identity of contributors or donors, and that it does not seek that information. *Id.* at 4. The Court accepts that County's representations about the intended scope of these topics, and orders that Calvary Chapel need not disclose the identities of its contributors or donors. As discussed at the hearing, the parties should cooperate to ensure that the amount, timing, and other potentially relevant information about any contributions or donations within the scope of the topics can be discussed in a manner that permits the contributor or donor to be referred to anonymously in the deposition.

**IV.   CONCLUSION**

For the reasons explained above, the County may proceed with the noticed Rule 30(b)(6) deposition of Calvary Chapel, except that Topics 1-4, 6, and 9-10 shall be limited to information dating back to January 1, 2018, and Calvary Chapel need not disclose the identities of its contributors or donors. Unless the parties agree otherwise, the County may not exceed seven total

hours on the record for the Rule 30(b)(6) deposition, even if Calvary Chapel designates more than one witness to testify.

**IT IS SO ORDERED.**

Dated:  September 7, 2022

VIRGINIA K. DEMARCHI
United States Magistrate Judge