JAMES R. WILLIAMS, County Counsel (S.B. #271253)
MELISSA R. KINIYALOCTS, Lead Deputy County Counsel (S.B. #215814)
ROBIN M. WALL, Deputy County Counsel (S.B. #235690)
XAVIER M. BRANDWAJN, Deputy County Counsel (S.B. #246218)
OFFICE OF THE COUNTY COUNSEL
70 West Hedding Street, East Wing, Ninth Floor
San José, California 95110-1770
Telephone: (408) 299-5900
Facsimile: (408) 292-7240

Attorneys for Defendant
COUNTY OF SANTA CLARA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(San José Division)

| | |
|---|---|
| CALVARY CHAPEL SAN JOSE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF SANTA CLARA, <br><br> Defendant. | No. 20-CV-03794 BLF <br><br> **DEFENDANT COUNTY OF SANTA CLARA'S OBJECTION TO PLAINTIFFS' REPLY EVIDENCE [CIV. L.R. 7-3(d)(1)]** <br><br> Date: January 26, 2023 <br> Time: 9:00 a.m. <br> Crtrm: 3, 5th Floor <br> Judge: The Hon. Beth Labson Freeman |

Pursuant to Civil Local Rule 7-3(d)(1), Defendant County of Santa Clara (the "County") objects to—and respectfully requests that the Court not consider—the entire Declaration of Ram Duriseti, M.D., PhD in Support of Plaintiffs' Reply to the County's Opposition to Plaintiffs' Motion for Partial Summary Judgment (ECF 252-3; "Duriseti Declaration") and any related reply argument (ECF 252) by plaintiffs Calvary Chapel San Jose and Mike McClure (collectively, "Calvary").

**OBJECTIONS**

**A.   The Duriseti Declaration is New Evidence Improperly Submitted on Reply**

The County objects to the entire Duriseti Declaration on the ground that it is new evidence improperly submitted on reply that should have been submitted (if at all) in Calvary's opening papers for its Motion for Partial Summary Judgment.

"It is well accepted that [the] raising of new issues and submission of new facts in [a] reply

1

brief is improper." *Pajas v. Cty. of Monterey*, No. 16-CV-00945-BLF-SVK, 2017 WL 1408016, at *7 (N.D. Cal. Apr. 20, 2017) (quotation and citations omitted).  When a party raises new evidence and related argument in a reply brief, the Court may, in its discretion, either strike or not consider it, or alternatively, give the non-moving party an opportunity to respond. *See Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) ("We agree . . . that '[w]here new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the [non-]movant an opportunity to respond.'"); *JG v. Douglas Cty. Sch. Dist.*, 552 F.3d 786, 803 n.14 (9th Cir. 2008) (holding that district court did not abuse its discretion when it did not consider the new evidence presented in reply to a motion for summary judgment); *Tae Youn Shim v. Lawler*, No. 17-cv-04920-EMC, 2019 U.S. Dist. LEXIS 113935, **21-23 (N.D. Cal., Jul. 9, 2019) (striking exhibits submitted for the first time with reply in support of motion for partial summary judgment) (citations omitted); *Crandall v. Starbucks Corp.*, 249 F. Supp. 3d 1087, 1104 (N.D. Cal. 2017) (sustaining defendant's Civil L.R. 7-3 objection to, and declining to consider, evidence first submitted in reply in support of motion for summary judgment).

Here, the Duriseti Declaration purports to offer—for the first time on reply—new expert opinion evidence on: (1) the efficacy of face masks and social distancing as measures to slow the spread of COVID-19 (ECF 252-3, ¶¶3-26); (2) the alleged relative impact of face coverings versus ventilation on the spread of COVID-19 (*e.g.*, *id.* at ¶¶5-6, 26); and (3) the comparability, from a health perspective, of different types of gatherings and activities (*e.g.*, *id.* at ¶¶19, 21, 26).  While Dr. Duriseti frames his opinions as responses to the declarations by the County's experts submitted with the County's opposition to Calvary's Motion for Partial Summary Judgment, his opinions should have been included—but inexplicably were not—in Calvary's opening papers because they relate to issues that Calvary affirmatively raised in its Motion but did not support with this evidence.  *See, e.g.*, ECF 208 at 12-14 (arguing that the public health requirements to wear face masks and to socially distance fail strict scrutiny), 18-19 (arguing that the public health requirements to wear face masks and to socially distance fail strict scrutiny and violate the Free Exercise Clause, *inter alia* because "[t]he County cannot demonstrate that Calvary's Sunday gatherings or small prayer gatherings and bible studies posed a greater threat of COVID-19 transmission than the entities and

activities exempt from the public health orders . . ."), 20-21 (arguing that the Urgency Ordinance discriminated against religion because it treated "comparable" secular activities more favorably than religious gatherings). In addition, although in its opening brief Calvary mentioned the ventilation in its church as alleged fact (ECF 208 at 3, 6), Calvary included no argument that adequate ventilation was a less restrictive alternative to face masks, as Dr. Duriseti now opines. Dr. Duriseti's opinions are evidence that was necessary to support Calvary's burden—both as the plaintiff seeking to invalidate public health orders and as the moving party—and are improperly submitted for the first time on reply. As such, the Court should strike and ignore them for purposes of Calvary's Motion.

### B. Dr. Duriseti's Opinions are Inadmissible Under Federal Rule of Evidence 702

The Duriseti Declaration does not satisfy the threshold requirement of admissibility of expert opinion evidence—that "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a). Dr. Duriseti is an Emergency Room doctor with a BA in political economy. ECF 252-3, ¶2. He is not a public health expert. He is not an expert in Heating, Ventilation, and Air Conditioning (HVAC) systems. As a result, his scientific, technical, or other specialized knowledge will not assist the trier of fact understand the evidence or determine a fact in issue in the subjects on which he purports to opine—notably, the efficacy of public health measures like wearing face masks and socially distancing and the comparative impact of properly ventilated spaces on the risk of transmission of COVID-19. Therefore, the Court should strike and ignore his declaration in its entirety.

### C. Dr. Duriseti's Opinions about the Ventilation at Calvary's Church are not Based on Sufficient Facts or Data

The County also objects to Dr. Duriseti's specific opinions on the alleged relative impact of face coverings versus ventilation at Calvary Church as measures to control the spread of COVID-19 (ECF 252-3, ¶¶5-6, 26). Those opinions are not based on sufficient facts or data.

In addition to being based on specialized knowledge that will assist the trier of fact, expert opinion testimony must be "based on sufficient facts or data" to be admissible. Fed. R. Evid. 702(b). Further, the facts or data on which an expert relies must be the type that "experts in the particular field would reasonably rely on . . . in forming an opinion on the subject." Fed. R. Evid. 703.

As noted above, Dr. Duriseti opines in pertinent part that "there was no apparent reason for a [public health] regulation to be applied more stringently to a high-ceiling gathering place with fresh air flowing during services and a modern ventilation system such as the Calvary Church than exempted establishments with less favorable circumstances." ECF 252-3 at ¶26. But he bases his opinions about the ventilation at Calvary on "other evidence presented in this motion" in which "Calvary Church was noted to have a high efficiency and well-maintained ventilation system . . ." *Id.* at ¶5. The only "other evidence presented in this motion" on which Dr. Duriseti is relying is the Declaration of William Shepherd that was submitted with Calvary's opening Motion papers (ECF 208-3, ¶¶4-6). But Shepherd's testimony about the ventilation at Calvary Church is itself not based on personal knowledge—rendering it insufficient to be reasonably relied upon by Dr. Duriseti, even if he were qualified to opine on the efficacy of public health measures—which he is not:[1]

- Shepherd admitted that, of the 38 total HVAC systems installed on Calvary's campus, he installed only three of them—in the classroom building, *not* where Calvary gathered hundreds of congregants for live services—and he did not know who installed the other 35 HVAC systems. Declaration of Xavier M. Brandwajn, filed concurrently, Ex. A ("Brandwajn Ex. A") at 28:4-29:18.

- Despite stating that Calvary's "air quality system meets or exceeds the minimum amount of air changes that is required" (ECF 208-3 at ¶5), Shepherd did not know (1) the air change rate of any of Calvary's HVAC systems (Brandwajn Ex. A at 30:23-31:7) or (2) the requirements for air change rate in the indoor space of a place of worship (*id.* at 31:8-24, 88:14-89:24).

- Shepherd admitted that his assessment that Calvary "has sufficient air quality through a properly maintain [sic] and professionally installed central HAVC system" (ECF

---

[1] The County did not include, in its Opposition to Calvary's Motion for Partial Summary Judgment, objections to Shepherd's declaration about ventilation at Calvary Church because Calvary did not argue that Calvary's ventilation system was relevant to any of its constitutional claims or arguments.

4

208-3 at ¶5) was not based on any actual measurements of air change rates at Calvary, but rather on his examination of the design documents for the installed HVAC systems and his belief that the HAVC systems were properly installed and maintained at Calvary (Brandwajn Decl., Ex A at 115:8-22).

- Shepherd admitted that his assertion that Calvary's ventilation systems "are consistently drawing 10 percent fresh air and circulating it back into the entire building and sanctuary when the building is occupied" (ECF 208-3 at ¶6) was based on only "an off-the-record conversation" with a Calvary congregant who was a mechanical engineer—not on any paid, professional opinion that could be relied upon (Brandwajn Decl., Ex. A at 118:15-120:17).

In sum, even if Dr. Duriseti were qualified to opine about the use of HVAC systems to accomplish public health goals—which he is not—his opinions are inadmissible for the additional reason that they are based exclusively on unreliable facts and data reported by Shepherd, who himself lacks personal knowledge. Accordingly, the Court should strike and ignore both Dr. Duriseti's opinions (ECF 252-3, ¶¶5-6, 26) and any reply argument based on the same (*e.g.*, ECF 252 at 9-10) on this additional ground.

## CONCLUSION

For the foregoing reasons, the County respectfully requests that the Court sustain its objections to, and not consider, the Duriseti Declaration or any reply argument based thereon.

Dated: December 23, 2022                    Respectfully submitted,

                                            JAMES R. WILLIAMS
                                            COUNTY COUNSEL


                                            By: /s/ Xavier M. Brandwajn
                                            XAVIER M. BRANDWAJN
                                            Deputy County Counsel

2751764