Robert H. Tyler, Esq., CA Bar No. 179572
rtyler@faith-freedom.com
Mariah Gondeiro, Esq. CA Bar No. 323683
mgondeiro@faith-freedom.com
ADVOCATES FOR FAITH AND FREEDOM
25026 Las Brisas Road
Murrieta, California 92562
Telephone:     (951) 600-2733
Facsimile:      (951) 600-4996

Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| **CALVARY CHAPEL SAN JOSE**, a California Non-Profit Corporation; **PASTOR MIKE MCCLURE**, an individual; **SOUTHRIDGE BAPTIST CHURCH OF SAN JOSE CALIFORNIA dba SOUTHRIDGE CHURCH**, a California Non-Profit Corporation; **PASTOR MICAIAH IRMLER**, an individual;<br><br>        Plaintiffs,<br><br>  vs.<br><br>**GAVIN NEWSOM,** in his official capacity as the Governor of California, **TOMAS ARAGON. M.D.,** in her official capacity as the Acting California Public Health Officer; **SANTA CLARA COUNTY; SARA H. CODY, M.D.**, in her official capacity as Santa Clara County Public Health Officer; **MIKE WASSERMAN**, in his official capacity as a Santa Clara County Supervisor; **CINDY CHAVEZ**, in her official capacity as a Santa Clara County Supervisor; **DAVE CORTESE**, in his official capacity as a Santa Clara County Supervisor; **SUSAN ELLENBERG**, in her official capacity as a Santa Clara County Supervisor; **JOE SIMITIAN**, in his official capacity as a Santa Clara County Supervisor; and **THE SANTA CLARA COUNTY BOARD OF SUPERVISORS**;<br><br>        Defendants. | Case No. 20-cv-03794-BLF<br><br>**PLAINTIFFS' MOTION TO STRIKE THE COUNTY'S OBJECTION TO PLAINTIFFS' REPLY EVIDENCE**<br><br>Date:     January 26, 2023<br>Time:    9:00 a.m.<br>Crtrm:   3, 5th Floor<br>Judge:   Hon. Beth Labson Freeman |

Case 5:20-cv-03794-BLF   Document 258   Filed 12/30/22   Page 2 of 5

Pursuant to Rule 12(f)(2) of the Federal Rules of Civil Procedure, Plaintiffs Calvary Chapel San Jose and Mike McClure ("Calvary") file this Motion to Strike Defendant County of Santa Clara's ("County") Objection to Plaintiffs' Reply Evidence.

**A. Calvary's Reply Evidence Is Responsive To The County's Evidence Filed With Its Opposition To Plaintiffs' Motion For Partial Summary Judgment**

Generally, a court will not consider "new" evidence submitted for the first time in a reply paper without giving the opposing party an opportunity to respond. *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996). However, evidence is not "new" if it is submitted in direct response to proof presented in an opposition to a motion. *See Ehrlich v. Hartford Life & Accident Ins. Co.*, No. 20-CV-02284-JST, 2021 WL 4472844, at *1 n. 1 (N.D. Cal. July 19, 2021) (citing *Edwards v. Toys 'R' US*, 527 F.Supp.2d 1197, 1205 n. 31 (C.D. Cal. Nov. 5, 2007)); *see Terrell v. Contra Costa County*, 232 F. App'x 626, 629 n. 2 (9th Cir. 2007) (Unpub. Disp.) (noting that evidence presented in defendant's reply was not new where "[t]he Reply Brief addressed the same set of facts supplied in [plaintiff]'s opposition to the motion . . .").

Here, the County objects to Dr. Ram Duriseti's ("Dr. Duriseti") Declaration on the ground that it is new evidence improperly submitted on reply. ECF 255 at 1–3. Specifically, the County argues that Calvary offers, for the first time on reply, new expert opinion evidence regarding "(1) the efficacy of face masks and social distancing as measures to slow the spread of COVID-19; (2) the alleged relative impact of face coverings versus ventilation on the spread of COVID-19; and (3) the comparability, from a health perspective, of different types of gatherings and activities." *Id.* at 2 (citations omitted).

However, Dr. Duriseti's opinions regarding these issues directly respond to the County's own expert evidence presented in its Opposition to Plaintiffs' Motion for Partial Summary Judgment ("Opposition") related to the same issues. *See generally* ECF 238-4, ¶¶ 9, 13, 15–18, 24, 33, 36.  In the County's Opposition, the County submitted Dr. Sara Cody's ("Dr. Cody") Declaration in which she opined on the efficacy of face masks and social distancing. *See, e.g.*, *id.*, ¶ 19 ("There is also consensus among epidemiologists that social distancing helps reduce the risk of transmission."); *id.*, ¶ 38 ("Together, the safety measures required by the Social Distancing Protocol were designed to limit the

spread of SARS-CoV-2 in businesses between workers, between customers, and between workers and customers."). Dr. Cody also opined on the impact of ventilation and the risk of COVID-19 transmission as it relates to different types of gatherings and activities. *See, e.g., id.* ¶ 19 ("The risk of transmission is greater in indoor environments with crowding and poor ventilation.").

Likewise, throughout his Declaration, Dr. Duriseti provided expert opinion regarding the same facts and claims the County addressed in its Opposition. *See generally* ECF 252-3, ¶¶ 3–26. Given that the County proffered such evidence concerning the impact of face masks, social distancing, and ventilation, Calvary properly responded to these facts and claims. The County, in an attempt to ask this Court to ignore Dr. Duriseti's Declaration, improperly labels the Declaration "new" evidence. Calvary raises no new facts, claims, or evidence that were not first raised and addressed in its Motion for Partial Summary Judgment ("Motion") and by the County in its Opposition. Contrary to the County's contention, Dr. Duriseti's Declaration is not "new" evidence improperly submitted on reply.

**B. Dr. Duriseti's Professional Background And Opinions Sufficiently Satisfy Federal Rule Of Evidence 702**

The County attempts to discredit and dismiss Dr. Duriseti's expert opinions through vague and irrelevant claims concerning his professional background. The County cites to no case law and provides no factual basis for asserting that Dr. Duriseti's background, expertise, or knowledge are insufficient to satisfy Federal Rule of Evidence 702. Fed. R. Evid. 702(a) ("A witness who is qualified as an expert . . . . may testify in the form of an opinion or otherwise if: [T]he expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue.").

To begin, the County asserts that Dr. Duriseti is not a public health expert, but it provides no context or meaning for the term "public health expert" or what qualifications are necessary to identify someone as a "public health expert." The County does not identify any facts (*or lack of facts*) in making its assertion that Dr. Duriseti is not a "public health expert." The County claims that because Dr. Duriseti is not a "public health expert" or an expert in Heating, Ventilation, and Air Conditioning ("HVAC") systems he is unable to assist the trier of fact concerning the efficacy of wearing face masks and social

distancing and the "comparative impact of properly ventilated spaces on the risk of transmission of COVID-19." ECF 255 at 3. An expert is not required to have firsthand knowledge of a matter in order to opine on an issue. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592 (1993) ("[A]n expert is permitted wide latitude to offer opinions, including those that are not based on firsthand knowledge or observation."); *see also Trujillo v. Cnty. of Los Angeles*, 751 F. App'x 968, 970–71 (9th Cir. 2018) ("Expert witnesses may offer opinions on matters of which they do not have firsthand knowledge so long as it is permissible in their discipline."). Dr. Duriseti's specific professional background and knowledge make him qualified to offer expert opinion testimony on these issues. As reflected in his Declaration, Dr. Duriseti has been practicing emergency medicine for over twenty years, he has a BS in Biology, he has a PhD in Operations Research with an emphasis in computational modeling of complex decisions, and he is a Clinical Associate Professor of Emergency Medicine in the Department of Emergency Medicine at Mills-Peninsula Medical Center. ECF 252-3, ¶ 2. Additionally, Dr. Duriseti has performed multiple data analyses looking at COVID-19 case data regarding masks and social distancing as evidenced in his cited publications provided in his Declaration. *Id.*, ¶ 3. He has a manuscript in progress analyzing a Mask Random Control Trial and has published formal methodological comments on COVID-related journal articles. *Id.* Dr. Duriseti consulted and reviewed numerous medical research studies concerning the efficacy of face masks, social distancing, and proper ventilation and is qualified to opine on these issues given his own medical and educational background and his extensive research background concerning COVID-19 polices, including faces masks and social distancing.

**C. The County Improperly Raises New Arguments In Its Objection To Plaintiffs' Reply Evidence**

Dr. Duriseti provided an opinion on the ventilation at Calvary's Church based upon evidence already filed within Calvary's Motion. ECF 252-3, ¶¶ 5, 26. The County now objects to that evidence—the Declaration of William Shepherd (Mr. Shepherd). ECF 255 at 3–4; ECF 208-3. Notably, the County did not object to Mr. Shepherd's Declaration in its Opposition. In an Objection to Reply Evidence, a party is limited to objecting to new evidence presented in the *reply*—not evidence presented in the original motion. The Civil Local Rules preclude parties from submitting any memoranda, papers, or

letters to the Court after the reply has been filed, except in two narrow circumstances: (1) if new evidence has been submitted in the reply; or (2) if a relevant judicial opinion has been published after the date the opposition or reply was filed. L.R. 7-3(d).

The County admits that it did not object to Mr. Shepherd's Declaration about ventilation, but it now attempts a second bite at the apple in trying to address evidence presented in Calvary's original Motion. ECF 255 at 4 n. 1. The County cannot now raise new arguments as doing so is improper and does not provide Calvary with a proper avenue to reply to the new arguments.

## CONCLUSION

For the foregoing reasons, Calvary respectfully requests that the Court strike the County's Objection to Reply Evidence and consider the Duriseti Declaration in its entirety.

Respectfully submitted,

ADVOCATES FOR FAITH AND FREEDOM

Dated:  December 30, 2022

/s/ Mariah Gondeiro, Esq.
Mariah Gondeiro
Attorney for Plaintiffs