1  JAMES R. WILLIAMS, County Counsel (S.B. #271253)
   MELISSA R. KINIYALOCTS, Lead Deputy County Counsel (S.B. #215814)
2  ROBIN M. WALL, Deputy County Counsel (S.B. #235690)
   XAVIER M. BRANDWAJN, Deputy County Counsel (S.B. #246218)
3  OFFICE OF THE COUNTY COUNSEL
   70 West Hedding Street, East Wing, Ninth Floor
4  San José, California 95110-1770
   Telephone: (408) 299-5900
5  Facsimile: (408) 292-7240

6  Attorneys for Defendant
   COUNTY OF SANTA CLARA

7

8              UNITED STATES DISTRICT COURT
            NORTHERN DISTRICT OF CALIFORNIA
9                 (San José Division)

10

11 CALVARY CHAPEL SAN JOSE, et al.,          No. 20-CV-03794 BLF

12              Plaintiffs,               **STATUS REPORT RE STATE COURT
                                          PROCEEDING**
13 v.

14 COUNTY OF SANTA CLARA,

15              Defendant.

16

17        As previously directed by the Court, the County of Santa Clara submits this status report to

18 apprise the Court of a recent order in *The People of the State of California, et al. v. Calvary Chapel*

19 *San Jose, et al.*, No. 20CV372285, Superior Court of the State of California for the County of Santa

20 Clara, which continues the hearing date on the County's motion for summary adjudication from

21 January 17, 2023 to March 30, 2023.

22        As this Court has previously been apprised, the County filed a motion for summary

23 adjudication in the Superior Court, which was set for hearing on January 17, 2023.  Both the County

24 and Calvary also have cross-motions for partial summary judgment pending in this Court, which are

25 set for hearing on January 26, 2023.

26        On December 8, 2022, Calvary asked this Court to advance the hearing date on Calvary's

27 motion for partial summary judgment to a date before January 17—i.e., any date before the hearing

28 in Superior Court.  Calvary based its motion on a several grounds, including Calvary's speculation

                                          1

1  that "it is likely this Court could reach a different conclusion as [sic] the state court."  ECF 247 at 2.

2  On December 13, 2022, this Court denied Calvary's motion.  ECF 250.

3      On December 29, 2022, Calvary filed an ex parte application in Superior Court asking to

4  continue the hearing date on the County's motion for summary adjudication, arguing *inter alia* that

5  one additional deposition was necessary.  A copy of that application and Calvary's supporting

6  declaration is attached hereto as **Exhibit 1**.

7      On December 30, 2022, the County opposed the application, arguing that Calvary was

8  plainly forum shopping and that Calvary had failed to explain why the requested deposition of a

9  witness who has testified twice in the state proceedings and submitted declarations in both cases, and

10  who the County had previously and repeatedly offered to Calvary for deposition—but Calvary had

11  declined to take—was nonetheless necessary at this late date.  A copy of that opposition and the

12  County's supporting declaration is attached hereto as **Exhibit 2**.

13      The Honorable Judge Socrates Peter Manoukian of the Superior Court considered Calvary's

14  application.  Unfortunately, it appears that Judge Manoukian was not provided with, and thus did not

15  have the benefit of, the County's opposition, which had been filed on December 30 at 10:02 a.m.  A

16  copy of the filing confirmation is attached hereto as **Exhibit 3**.

17      On January 1, 2023, Judge Manoukian granted Calvary's application, stating, incorrectly,

18  "No opposition presented."  Pursuant to that order, the hearing on the County's motion for summary

19  adjudication has been continued to March 30, 2023, at 9 a.m.  A copy of the January 1, 2023 order is

20  attached hereto as **Exhibit 4**.

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

2

The parties have apprised Judge Manoukian and the Superior Court of the error and the failure to consider the County's opposition, as shown in **Exhibit 5** attached hereto, but that court has taken no further action to date.

Dated: January 4, 2023

Respectfully submitted,

JAMES R. WILLIAMS
County Counsel

By:   */s/ Robin M. Wall*
ROBIN M. WALL
Deputy County Counsel

Attorneys for Defendant
COUNTY OF SANTA CLARA

2756776

# Exhibit 1

1  ADVOCATES FOR FAITH & FREEDOM
   Robert H. Tyler, State Bar No. 179572
2  rtyler@faith-freedom.com
   Mariah R. Gondeiro, State Bar No. 323683
3  mgondeiro@faith-freedom.com
   25026 Las Brisas Road
4  Murrieta, California 92562
   Telephone:    (951) 600-2733
5  Facsimile:    (951) 600-4996

6  Attorneys for Defendants **Calvary Chapel San Jose** and
   **Mike McClure**

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                  **FOR THE COUNTY OF SANTA CLARA**

10  THE PEOPLE OF THE STATE OF          Case No.:  20CV372285
    CALIFORNIA, COUNTY OF SANTA
11  CLARA, and SARA H. CODY, M.D., in her   **DEFENDANTS' *EX PARTE***
    official capacity as Health Officer for the   **APPLICATION TO CONTINUE THE**
12  County of Santa Clara,              **HEARING DATE FOR PLAINTIFFS'**
                                        **MOTION FOR SUMMARY**
13            Plaintiffs,               **ADJUDICATION**

14       v.                            Date:     January 17, 2023
                                       Time:     11:00 a.m.
15  CALVARY CHAPEL SAN JOSE; MIKE      Dept.:    D7
    McCLURE; and DOES 1-501-50, inclusive,   Judge:    The Honorable Christopher Rudy
16
                                       Complaint Filed: October 27, 2020
17            Defendants.

18

19       **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

20       **PLEASE TAKE NOTICE** that on December 29, 2022, at 8:15 a.m., or as soon thereafter

21  as the matter may be heard, in Department D7 (or another assigned department) of the above-

22  referenced Court, located at 191 North First Street, San Jose, California 95113, Calvary Chapel San

23  Jose and Mike McClure (collectively "Defendants" or "Calvary") files this *Ex Parte* Application to

24  Continue the Hearing Date for the Motion for Summary Judgment filed by the Plaintiffs on August

25  26, 2022. Defendants make this request pursuant to California Rules of Court, rules 3.1200 *et seq.*

26  and Code of Civil Procedure section 427(c), subdivision (h).

27       The application is made on the grounds that Defendants needs additional time to conduct

28  discovery of facts essential to justify their opposition to summary adjudication. Specifically, the

                                          1
      DEFENDANTS' APPLICATION CONTINUING THE HEARING DATE ON MOTION FOR SUMMARY
                                     ADJUDICATION



1  validity of Santa Clara County's ("the County") November 9, 2020 notice of violation is at issue,

2  and Defendants, despite their diligence, have been unable to depose the county enforcement officer

3  responsible for the November 9, 2022.

4      The application will be based on this notice, the attached memorandum of points and

5  authorities, the pleadings, the declaration of Mariah Gondeiro, and such other matters which may

6  be brough to the attention of this Court before or during the hearing. Defendants' counsel provided

7  written notice of this *ex parte* application to Plaintiffs' attorneys, via email, on December 27, 2022.

8  Plaintiffs oppose this application.

10  DATED: December 28, 2022        ADVOCATES FOR FAITH & FREEDOM

        By: Mariah Gondeiro _____
            Mariah R. Gondeiro, Esq.
            Attorneys for Defendants **Calvary Chapel San
            Jose** and **Mike McClure**

DEFENDANTS' APPLICATION CONTINUING THE HEARING DATE ON MOTION FOR SUMMARY
ADJUDICATION

## MEMORANDUM OF POINTS AND AUTHORITIES

Section 437c, subdivision (h) of the California Code of Civil Procedure allows a party to move for a continuance on a motion for summary adjudication when "facts essential to justify opposition exist, but cannot for reasons stated, be presented." (Code Civ. Proc., § 437c(h).) The moving party may file an ex parte motion for continuance any time before the opposition brief is due. (*Id.*)

Continuance requests under section 437c, subdivision (h), are to be liberally granted. (*Bahl v. Bank of America* (2001) 89 Cal.App.4th 389, 395, 398-399 ["Bahl"]; *Dee v. Vintage Petroleum, Inc.* (2003) 106 Cal.App.4th 30, 34-35.) "[T]he interests at stake are too high to sanction the denial of [such] a continuance [request] without good reason." (*Frazee v. Seely* (2002) 95 Cal.App.4th 627, 634.) These interests include the importance of deciding cases on their merits rather than on procedural deficiencies. (*Bahl, supra,* 89 Cal.App.4th at pp. 398-399.)

Given the high stakes involved in motions for summary judgment and summary adjudication, continuances under section 437c, subdivision (h), are "virtually mandated ' "upon a good faith showing by affidavit that a continuance is needed to obtain facts essential to justify opposition to the motion." ' " (*Id.*; *Johnson v. Alameda County Medical Center* (2012) 205 Cal.App.4th 521, 532 ["When a party makes a good faith showing by affidavit demonstrating that a continuance is necessary to obtain essential facts to oppose a motion for summary judgment, the trial court must grant the continuance request."].)

Continuance is necessary here. In July 2022, Calvary learned that the County did not fine non-commercial activities. (Gondeiro Decl., ¶ 3.) Around the same time, Calvary received the November 9, 2020 notice of violation in discovery, which the County purportedly relied upon to fine Calvary daily for not enforcing face coverings. (*Id.*, ¶ 2.) In November 2022, Calvary received an excel spreadsheet of specific complaints regarding non-commercial activities. (*Id.*, ¶ 8.) Calvary has not received the internal correspondence regarding these specific complaints, which is necessary to support Calvary's affirmative defense regarding the constitutionality of the County's urgency ordinance. (*Id.*, ¶ 9.) Specifically, this information would reveal whether the complaints were in relation to religious non-commercial activities or secular activities. (*Id.*, ¶ 10.)

Moreover, Calvary was scheduled to depose the enforcement officer who signed off on the November 9, 2020 notice of violation and who has information regarding the complaints sent to the County on December 21, 2022. (*Id.*, ¶ 10.) On December 19, 2022, the enforcement officer canceled the deposition due to illness. (*Id.*, ¶ 11.) The purpose of the deposition was to reveal whether the enforcement officer properly notified Calvary of its alleged violations of the face covering guidance, a fact that is essential to Calvary's due process affirmative defense. (*Id.*, ¶ 11.) Calvary's counsel has been working diligently to pursue all evidence necessary to support its affirmative defenses and opposition to the Plaintiffs' motion for summary adjudication. (*Id.*, ¶ 13; *See A & B Painting and Drywall, Inc. v. Superior Court* (1994) 25 Cal.App.4th 349, 356–357 [denials of summary adjudication for the purpose of taking a deposition may be warranted if the declaration submitted in support of the 437(c) motion "explain what efforts were made to take the necessary depositions or why they could not have been taken earlier."].)

For these reasons, good cause exists to grant the *ex parte* application for an order continuing the hearing on summary adjudication to allow Calvary additional time to pursue facts essential to its opposition.

DATED:  December 28, 2022                    ADVOCATES FOR FAITH & FREEDOM

By: Mariah Gondeiro
Mariah R. Gondeiro, Esq.
Attorneys for Defendants **Calvary Chapel San Jose** and **Mike McClure**

DEFENDANTS' APPLICATION CONTINUING THE HEARING DATE ON MOTION FOR SUMMARY ADJUDICATION

**PROOF OF SERVICE**

*The People of the State of California v. Calvary Chapel San Jose*
*Santa Clara Superior Court Case No. 20cv372285*

F I L E D

DEC 29 2022

Clerk of the Court
Superior Court of CA County of Santa Clara

BY _____ DEPUTY

I am an employee in the County of Riverside. I am over the age of 18 years and not a party to the within entitled action; my business address is 25026 Las Brisas Road, Murrieta, California 92562.

On December 29, 2022, I served a copy of the following document(s) described as **DEFENDANTS' EX PARTE APPLICATION FOR ORDER SHORTENING TIME TO HEAR RENEWED MOTION TO STAY; MEMORANDUM OF POINTS AND AUTHORITIES** on the interested party(ies) in this action as follows:

**SEE ATTACHED SERVICE LIST**

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION.** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I transmitted copies of the above-referenced document(s) on the interested parties in this action by electronic transmission. Said electronic transmission reported as complete and without error.

☐ **BY FACSIMILE TRANSMISSION.** Pursuant to agreement and written confirmation of the parties to accept service by facsimile transmission, I transmitted copies of the above-referenced document(s) on the interested parties in this action by facsimile transmission from (951) 600-4996. A transmission report issued as complete and without error.

☐ **BY UNITED STATES POSTAL SERVICE.** I am readily familiar with the practice for collection and processing of correspondence for mailing and deposit on the same day in the ordinary course of business with the United States Postal Service. Pursuant to that practice, I sealed in an envelope, with postage prepaid and deposited in the ordinary course of business with the United States Postal Service in Murrieta, California, the above-referenced document(s).

☐ **BY OVERNIGHT DELIVERY.** I enclosed the above-referenced document(s) in an envelope or package provided by an overnight delivery carrier and addressed as above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ **BY PERSONAL SERVICE.** I caused copies of the above-referenced documents to the addressee(s) noted above served by process server.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am an employee in the office of a member of the bar of this Court who directed this service.

Susan Y. Kenney

---

5

DEFENDANTS' APPLICATION CONTINUING THE HEARING DATE ON MOTION FOR SUMMARY
ADJUDICATION

**SERVICE LIST**

*The People of the State of California v. Calvary Chapel San Jose*
*Santa Clara Superior Court Case No. 20cv372285*

James R. Williams, Esq.
County Counsel, County of Santa Clara
Melissa R. Kiniyalocts, Esq,
Deputy County Counsel
Robin Wall, Esq,
Deputy County Counsel
Meredith A. Johnson, Esq.
 Deputy County Counsel
70 West Hedding Street, East Wing, Ninth
Floor San José, California 95110-1770
Telephone: (408) 299-5900
Facsimile: (408) 292-7240
Melissa.Kiniyalocts@cco.sccgov.org
meredith.johnson@cco.sccgov.org
karun.tilak@cco.sccgov.org
jamila.benkato@cco.sccgov.org
robin.wall@cco.sccgov.org
zara.beadle@cco.sccgov.org

Jeffrey F. Rosen, Esq.
District Attorney
David Angel, Esq.
 Assistant District Attorney
70 West Hedding Street, West Wing San
José, California 95110-1770
Telephone: (408) 299-7400
Facsimile: (408) 299-8440
Jrosen@dao.sccgov.org
dangel@dao.sccgov.org

Attorneys for Plaintiffs, The People of the
State of California, County of Santa Clara,
and Sara H. Cody M.D.

6

DEFENDANTS' APPLICATION CONTINUING THE HEARING DATE ON MOTION FOR SUMMARY
ADJUDICATION



ADVOCATES FOR FAITH & FREEDOM
Robert H. Tyler, State Bar No. 179572
btyler@faith-freedom.com
Mariah Gondeiro, State Bar No. 323683
mgondeiro@faith-freedom.com
25026 Las Brisas Road
Murrieta, California 92562
Telephone:    (951) 600-2733
Facsimile:    (951) 600-4996

Attorneys for Defendants

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF SANTA CLARA

THE PEOPLE OF THE STATE OF
CALIFORNIA, COUNTY OF SANTA
CLARA, and SARA H. CODY, M.D., in her
official capacity as Health Officer for the
County of Santa Clara,
          Plaintiffs,
          vs.
CALVARY CHAPEL SAN JOSE; MIKE
MCCLURE, and DOES 1-50,
          Defendants.

Case No.: 20-CV-372285

**DECLARATION OF MARIAH
GONDEIRO IN SUPPORT OF
DEFENDANTS' *EX PARTE*
APPLICATION TO CONTINUE THE
HEARING DATE FOR PLAINTIFFS'
MOTION FOR SUMMARY
ADJUDICATION**

I, Mariah Rose Gondeiro, declare as follows:

1.      I am an attorney duly licensed in the State of California and represent the interests of

defendants Calvary Chapel San Jose and Pastor Mike McClure ("Defendants") in this action and the

parallel federal court proceeding. Unless otherwise noted as being on information and belief, I know

the facts herein are stated based upon my own personal knowledge, and if called upon to do so, I could

competently testify to them under oath.

2.      Around the summer of 2022, I received in discovery from Santa Clara County a notice

of violation dated November 9, 2020, which cited Calvary Chapel San Jose daily for purportedly not

enforcing face coverings. I was not aware of this notice of violation until it was sent in discovery.

Indeed, on December 2, 2020, former assistant pastor Carson Atherley sent me an email including the

1

DECLARATION OF MARIAH GONDEIRO

notices of violation sent in November 2020. The email only included notices of violation for November 8, 15, 22, and 29.

3.      On July 21, 2022, I deposed Michael Balliet, Santa Clara County's lead enforcement officer. During the deposition, I learned that Santa Clara County did not fine non-commercial activities, as defined in Santa Clara County's urgency ordinance.

4.      On August 18, 2022, I deposed Dr. Sara Cody and learned about Santa Clara County's justification for its disparate treatment of religion. I also learned about the types of entities that were deemed an essential government function. The deposition provided information that I had not been privy to.

5.      On August 19, 2022, I deposed Dr. Sarah Rudman about the county's contract tracing system. During the deposition, I learned that while the county could trace COVID-19 cases to Calvary Christian Academy, it could not trace cases to the church.

6.      On or around August 2022, Santa Clara County produced in discovery its local health guidelines for personal care services, sporting events, dining and bars, and childcare facilities. I was not able to access the information online.

7.      Around the same time, I also received discovery from Santa Clara County regarding its training materials for its civil enforcement program related to COVID-19.

8.      In November 2022, I received an excel spreadsheet from Santa Clara County listing complaints from the public regarding non-commercial activities.

9.      On December 6, 2022, I sent another discovery request to Santa Clara County, specifically requesting all internal correspondence regarding the complaints about non-commercial activities. This information supports Calvary's affirmative defense regarding the constitutionality of the county's urgency ordinance. Specifically, it will reveal whether the complaints were in relation to religious non-commercial activities or secular activities.

10.     Calvary subsequently scheduled the deposition of Melissa Huerta for December 21, 2022. Ms. Huerta is a county health officer who has information about complaints sent to the county and who signed off on the November 9, 2020 notice of violation. This information is vital to Calvary's opposition, as it will determine whether the November 9, 2020 notice was sent to Calvary Chapel San

DECLARATION OF MARIAH GONDEIRO

1   Jose. This information would support Calvary's affirmative defense regarding the Due Process Clause

2   and would determine whether a triable issue of fact exists as to the amount of the fines.

3       11.     On December 19, 2022, Jamila Benkato, the county's attorney, informed me that Melissa

4   Huerta was sick and could not attend the deposition.

5       12.     On December 21, 2022, Ms. Benkato informed me that the earliest date the county could

6   make Ms. Huerta available was the first week of January 2023.

7       13.     I have been primarily the only attorney working on this case and the parallel federal case

8   for over a year. I have been working diligently to depose all relevant parties and produce all necessary

9   discovery requests. Santa Clara County has produced over 36,000 documents, and I have been primarily

10  responsible for reviewing all documents.

11      I declare under penalty of perjury under the laws of the State of California that the foregoing is

12  true and correct. Executed on December 28, 2022, at Murrieta, California.

13  _Mariah Gondeiro_

14  Mariah Gondeiro

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

DECLARATION OF MARIAH GONDEIRO

**PROOF OF SERVICE**

I am an employee in the County of Riverside. I am over the age of 18 years and not a party to the within entitled action; my business address is 25026 Las Brisas Road, Murrieta, California 92562.

On December 28, 2022, I served a copy of the following document(s) described as

**DECLARATION OF MARIAH GONDEIRO** on the interested party(ies) in this action as follows:

**SEE ATTACHED SERVICE LIST**

☒   **BY E-MAIL OR ELECTRONIC TRANSMISSION.** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I transmitted copies of the above-referenced document(s) on the interested parties in this action by electronic transmission. Said electronic transmission reported as complete and without error.

☐   **BY FACSIMILE TRANSMISSION.** Pursuant to agreement and written confirmation of the parties to accept service by facsimile transmission, I transmitted copies of the above-referenced document(s) on the interested parties in this action by facsimile transmission from (951) 600-4996. A transmission report issued as complete and without error.

☐   **BY UNITED STATES POSTAL SERVICE.** I am readily familiar with the practice for collection and processing of correspondence for mailing and deposit on the same day in the ordinary course of business with the United States Postal Service. Pursuant to that practice, I sealed in an envelope, with postage prepaid and deposited in the ordinary course of business with the United States Postal Service in Murrieta, California, the above-referenced document(s).

☐   **BY OVERNIGHT DELIVERY.** I enclosed the above-referenced document(s) in an envelope or package provided by an overnight delivery carrier and addressed as above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐   **BY PERSONAL SERVICE.** I caused copies of the above-referenced documents to the addressee(s) noted above served by process server.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am an employee in the office of a member of the bar of this Court who directed this service.

Susan Y. Kenney

4

DECLARATION OF MARIAH GONDEIRO

1

## SERVICE LIST

2

3    James R. Williams, County Counsel              Attorneys for Plaintiffs, The People of the State
    Melissa R. Kiniyalocts, Lead County Counsel    of California, County of Santa Clara and Sara
4    Meredith A. Johnson, Lead County Counsel     H. Cody M.D.
    Karun A. Tilak, Deputy County Counsel
5    Jamila G. Benkato, Deputy County Counsel
    Robin M. Wall, Deputy County Counsel
6    Office of the County Counsel
7    70 West Hedding Street, East Wing, 9th Floor
    San José, California 95110-1770
8    Telephone: (408) 299-5900
    Facsimile: (408) 292-7240
9    Melissa.Kiniyalocts@cco.sccgov.org
10   meredith.johnson@cco.sccgov.org
    karun.tilak@cco.sccgov.org
11   jamila.benkato@cco.sccgov.org
    robin.wall@cco.sccgov.org
12   zara.beadle@cco.sccgov.org

13
    Jeffrey F. Rosen, Esq.
14   District Attorney
    DAVID ANGEL, Esq.
15   Assistant District Attorney
    70 West Hedding Street, West Wing San José,
16   California 95110-1770
    Telephone: (408) 299-7400
17   Facsimile: (408) 299-8440
18   Jrosen@dao.sccgov.org
    dangel@dao.sccgov.org
19

20

21

22

23

24

25

26

27

28

DECLARATION OF MARIAH GONDEIRO

# Exhibit 2

1   JAMES R. WILLIAMS, County Counsel (S.B. #271253)
    MELISSA R. KINIYALOCTS, Lead Deputy County Counsel (S.B. #215814)
2   KARUN A. TILAK, Deputy County Counsel (S.B. #323939)
    JAMILA G. BENKATO, Deputy County Counsel (S.B. #313646)
3   ROBIN M. WALL, Deputy County Counsel (S.B. #235690)
    OFFICE OF THE COUNTY COUNSEL
4   70 West Hedding Street, East Wing, Ninth Floor
    San José, California 95110-1770
5   Telephone: (408) 299-5900
    Facsimile: (408) 292-7240
6   melissa.kiniyalocts@cco.sccgov.org
    karun.tilak@cco.sccgov.org
7   jamila.benkato@cco.sccgov.org
    robin.wall@cco.sccgov.org
8

Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 12/30/2022 10:02 AM
Reviewed By: R. Sandoval
Case #20CV372285
Envelope: 10818844

9   Attorneys for Plaintiffs
    THE PEOPLE OF THE STATE OF
10  CALIFORNIA, COUNTY OF SANTA CLARA,
    AND SARA H. CODY, M.D., IN HER OFFICIAL
11  CAPACITY AS HEALTH OFFICER FOR THE
    COUNTY OF SANTA CLARA
12

*Exempt From Filing Fees
Pursuant to Gov. Code, § 6103*

13              SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
14

15  THE PEOPLE OF THE STATE OF                    No. 20CV372285
    CALIFORNIA, COUNTY OF SANTA
16  CLARA, and SARA H. CODY, M.D., in her         **PLAINTIFFS' OPPOSITION TO**
    official capacity as Health Officer for the   **DEFENDANTS' *EX PARTE* APPLICATION**
17  County of Santa Clara,                        **TO CONTINUE THE HEARING DATE**
                                                  **FOR PLAINTIFFS' MOTION FOR**
18                  Plaintiffs,                   **SUMMARY ADJUDICATION**

19  v.                                            Date:    January 17, 2023
                                                  Time:    11:00 a.m.
20  CALVARY CHAPEL SAN JOSE; MIKE                 Dept.:   D7
    MCCLURE, and DOES 1-50,                       Judge:   The Honorable Christopher Rudy
21
                    Defendants.
22

23          Defendants' ("Calvary") ex parte application to continue the summary judgment hearing date

24  is a last-ditch attempt at forum shopping, brought only after the district court denied Calvary's

25  December 8, 2022 motion to *advance* the summary judgment hearing date in the parallel federal

26  case.  The state and federal cases concern the same constitutional issues; and discovery has been

27  formally coordinated in both proceedings.  Yet Calvary makes no effort to reconcile the position it

28  has taken here—that discovery is somehow insufficient for summary judgment—with its position in

1

DocuSign Envelope ID: 3B66EA02-BE5A-45D8-817E-994691C1DE29

1   the federal case—where Calvary itself moved for summary judgment three months ago and asked

2   the Court to hear that motion on an accelerated schedule.

3         Calvary's application fails to show good cause for any continuance of the January 17, 2023,

4   hearing on the motion for summary adjudication filed by Plaintiffs The People of the State of

5   California, County of Santa Clara, and Health Officer Sara H. Cody, M.D. (collectively, the

6   "County"); and the application should be denied.

7                                    **BACKGROUND**

8         The parties have been litigating in parallel proceedings in this Court and the U.S. District

9   Court for the Northern District for more than two years.  (Declaration of Robin M. Wall [Wall Decl.]

10  at ¶¶ 3-4.)  The coordinated discovery in both proceedings has been extensive, with the County

11  producing over 36,000 pages of documents, Calvary serving scores of interrogatories, and the parties

12  taking over 20 depositions.  (*Id.* at ¶¶ 5-6.)

13        While Calvary claims that summary judgment is somehow premature in this Court because

14  they need additional discovery, that purported need did not prevent Calvary from filing its own

15  motion for summary judgment *three months ago* in district court, on September 16, 2022; nor was

16  discovery an impediment to Calvary's own motion to advance the summary judgment hearing date

17  in federal court from January 26, 2023, to a date before the hearing in this Court—a motion Judge

18  Beth Labson Freeman denied.  (*Id.* at ¶ 10, Ex. A.)  Nor did Calvary raise its newfound discovery

19  concerns—or any discovery concerns at all—when the parties previously briefed a request regarding

20  the hearing date in this case two months ago.  (*See id.* at ¶ 14.)

21        The real issue here is not discovery, but forum shopping—Calvary plainly wants the district

22  court to hear their motion for summary judgment before this Court has a chance to rule on the

23  County's motion here, even though the district court has twice held that there are issues regarding

24  the amount of the fines that need to be decided by this Court first.  (*Id.* at ¶ 18.)  The parties' cross-

25  motions for summary judgment are set to be heard in district court on January 26, 2023.  Calvary

26  asked the district court to advance that hearing date to a date before the January 17 hearing date in

27  this case; and the district court denied the request.  (*Id.* at ¶ 10, Ex. A)  Having failed to change the

28  district court's schedule, Calvary now asks this Court for an open-ended continuance of the January

Plaintiffs' Opposition to Defendants' *Ex Parte* Application                                    20CV372285
to continue the hearing date for Plaintiffs' MSA

1   17 hearing date—not because they need to take any particular deposition (and the witness in

2   question is available as early as January 3)—but because Calvary prefers the federal forum.

3                                **ARGUMENT**

4           In order to demonstrate good cause for a continuance, Calvary must make a "good faith

5   showing by affidavit that a continuance is needed to obtain facts essential to justify opposition to the

6   motion." (*Knapp v. Doherty* (2004) 123 Cal.App.4th 76, 100-101.)  "To make the requisite good

7   faith showing, an opposing party's declaration must show (1) the facts to be obtained are essential to

8   opposing the motion, (2) there is reason to believe such facts may exist, and (3) the reasons why

9   additional time is needed to obtain these facts.  (*Chavez v. 24 Hour Fitness USA, Inc.* (2015) 238

10  Cal. App.4th 632, 643 [citing *Lerma v. County of Orange* (2004) 120 Cal.App.4th 709, 715].)  This

11  is an "exacting" standard and important to prevent abuse of Section 437c(h) of the California Code

12  of Civil Procedure: "[t]he statute cannot be employed as a device to get an automatic continuance by

13  every unprepared party who simply files a declaration stating that unspecified essential facts may

14  exist." (*Lerma v. Cty. of Orange* (2004) 120 Cal.App.4th 709, 715-16.)  Calvary's declaration does

15  not meet that standard.

16          Calvary has not explained why additional time is needed for discovery.  When deciding

17  whether to continue summary judgment, courts consider a number of factors including "(1) how long

18  the case has been pending; (2) how long the requesting party had to oppose the motion; (3) whether

19  the continuance motion could have been made earlier; (4) the proximity of the trial date or the 30-

20  day discovery cutoff before trial; (5) any prior continuances for the same reason; and (6) the question

21  whether the evidence sought is truly essential to the motion." (*Chavez*, *supra*, at p. 644 [citation

22  omitted].)  These factors weigh heavily against any continuance.

23          As an initial matter, this case has been pending for over two years—it was filed on October

24  29, 2020.  (Wall Decl. at ¶ 4.)  And Calvary has had over four months to oppose the County's

25  motion, which was filed on August 26, 2022, and which included a declaration from enforcement

26  officer Melissa Gonzalez (now Melissa Huerta) addressing, among other things, the November 9,

27  2020 notice of violation ("NOV").  (*Id*. at ¶ 9.)  If Calvary needed discovery regarding that NOV,

28  which it received more than two years ago, and which was reproduced in discovery on June 17,

                                        3

1   2022, it has had more than ample time to do so.  (*Id*. at ¶ 7.)  Moreover, while a trial date has not

2   been set in this case, and discovery remains available, fact discovery is closed in the federal case and

3   trial is set for May 2023.  (*Id*. at ¶ 13.)

4   Additionally, Calvary's application for a continuance plainly could have been made earlier.

5   Again, this is Calvary's second attempt to adjust the hearing schedule in the parallel state and federal

6   proceedings.  If there actually were a bona fide discovery issue concerning the County's motion,

7   Calvary could have asked this Court for a continuance weeks ago, instead of first asking the district

8   court to advance the summary judgment hearing date in the federal case.  (*See id*. at ¶ 10.)

9   Importantly, Calvary also has not explained why the facts it seeks are "essential" to its

10  opposition.  Calvary has not explained why "internal correspondence" related to "complaints

11  regarding non-commercial activities" is necessary to its "affirmative defense."  (App. at 3.)  Calvary

12  has not made any showing that such correspondence exists; and its declaration merely speculates that

13  such "correspondence" "will reveal whether the complaints were in relation to religious non-

14  commercial activities or secular activities." (Gondeiro Decl. at ¶ 9.)  But the County has already

15  produced the complaints in question and so Calvary can already see what activities were at issue

16  (Wall Decl. at ¶ 19); and again, there is no explanation regarding why any of this is relevant to any

17  constitutional claim or defense.  Calvary has not even specified which "affirmative defense" is

18  purportedly at issue, nor has it provided any legal argument or authority to support its assertion.

19  Indeed, it is not clear how any discovery could be "essential" at this point, given that the majority of

20  Calvary's constitutional arguments are foreclosed by res judicata.  As the County has argued here

21  and in the district court, this Court has already considered and *rejected* Calvary's constitutional

22  arguments in an April 8, 2021 final judgment on the merits arising out of an earlier proceeding

23  initiated by Calvary.  (Wall Decl. at ¶¶ 20.)

24  Calvary has also failed to explain the sudden need for the deposition of enforcement officer

25  Ms. Huerta regarding a notice of violation issued to Calvary Chapel over two years ago on

26  November 9, 2020.  (App. at 4.)  Ms. Huerta has already stated in her declaration filed in support of

27  the County's motion that she visited Calvary on November 9, observed face covering violations, and

28  prepared and issued the NOV.  (Aug. 26, 2022 Declaration of Melissa Gonzalez, ¶ 21.)  Calvary

4

Plaintiffs' Opposition to Defendants' *Ex Parte* Application                              20CV372285
to continue the hearing date for Plaintiffs' MSA

1    does not identify what additional information it could possibly need from Ms. Huerta, particularly

2    given that it has never disputed the violations at issue.  While it is true that Ms. Huerta's December

3    21 deposition had to be continued due to illness (she is currently available on January 3-5 for

4    deposition), Calvary has made no effort whatsoever to explain why the deposition could not have

5    been taken earlier—for example, at any time in the 18 months before fact discovery closed in the

6    federal case on October 28, 2022. (*See* Wall Decl. at ¶ 13.)  Indeed, the parties stipulated at the

7    beginning of October to extend the fact discovery deadline in the federal case expressly to permit

8    Calvary to schedule and take Ms. Huerta's deposition—which Calvary decided not to pursue. (*Id*.)

9         If there has been any delay in deposing Ms. Huerta, the fault lies with Calvary.  In September

10   2022, counsel for the County emailed counsel for Calvary to offer dates for the depositions for Ms.

11   Huerta and Beatrice Santiago, Ms. Huerta's supervisor.  (Wall Decl. ¶ 11, Ex. B [Sept. 26, 2022

12   email exchange].)  But at that time, counsel for Calvary made the strategic decision not to take Ms.

13   Huerta's deposition, and instead proceeded with Ms. Santiago's deposition. (*Id*. [indicating that

14   Calvary intended to proceed with Ms. Santiago's deposition and "will then assess whether Ms.

15   Huerta . . . [was] needed"].)  At Ms. Santiago's deposition, which occurred on October 7, 2022,

16   counsel for Calvary questioned Ms. Santiago about the November 9, 2020 NOV.  (Wall Decl. ¶ 12.)

17   Calvary's counsel then waited two months—until December 6, 2022—to request Ms. Huerta's

18   deposition.  (Wall Decl. ¶ 15.)  Unfortunately, Ms. Huerta's December 21 deposition had to be

19   postponed due to illness.  (Wall Decl. ¶ 16.)  Counsel offered to make Ms. Huerta available for

20   deposition on January 3, 4, and 5, but have not heard back from Calvary's counsel, notwithstanding

21   the supposed necessity for her deposition. (*Id*.)

22        Moreover, Ms. Huerta has already testified multiple times regarding Calvary's violations of

23   the public health orders: she testified at an October 21, 2020 administrative proceeding before the

24   Office of the County Hearing Officer with Calvary's counsel present; she testified and was cross-

25   examined by Calvary's counsel at a January 14, 2021 contempt hearing in this case; and she has

26   submitted numerous declarations in the course of the state and federal proceedings, including

27   declarations that speak to the November 9, 2020 NOV.  (Wall Decl. ¶ 17.)  The notion that Calvary

28   has questions for Ms. Huerta that went overlooked for two years, but are now so important as to

5

Plaintiffs' Opposition to Defendants' *Ex Parte* Application                                           20CV372285
to continue the hearing date for Plaintiffs' MSA

DocuSign Envelope ID: 3B66EA02-BE52-45D8-817F-024691C1DE39

1   delay the case, is absurd.

2     Finally, whatever information Ms. Huerta might have is not "unique."  (Compare *Chavez*,

3   *supra*, 238 Cal. App.4th at p. 643-44 [noting witness possessed "unique knowledge"].)  As noted

4   above, Calvary has had the opportunity to depose Ms. Huerta's supervisor about the November 9,

5   2020 NOV; and Calvary has also had the opportunity to depose Michael Balliet, who oversaw the

6   County's Business Compliance Unit, which was responsible for COVID-19 enforcement.  (Wall

7   Decl. ¶ 8.)

8     In sum, the Court should not allow Calvary to delay summary adjudication because of

9   purported factual issues they have long been aware of and have had ample opportunity to explore

10   through discovery.  Calvary's application should be denied.

11   Dated:  December 30, 2022      Respectfully submitted,

12                   JAMES R. WILLIAMS
                County Counsel

13

14            By:  *Robin Wall*

15                   ROBIN M. WALL
                Deputy County Counsel

16                   Attorneys for Plaintiffs

17                   THE PEOPLE OF THE STATE OF
                CALIFORNIA, COUNTY OF SANTA

18                   CLARA, AND SARA H. CODY, M.D., IN
                HER OFFICIAL CAPACITY AS HEALTH

19                   OFFICER FOR THE COUNTY OF SANTA
                CLARA

20   2755936

21

22

23

24

25

26

27

28

6

DocuSign Envelope ID: 3B66FA02-BE5A-45D8-817F-994691C1DE39

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA

<u>PROOF OF SERVICE BY ELECTRONIC MAIL</u>

*The People of the State of California, et al. v. Calvary Chapel San Jose, et al.*          Case No.:  20CV372285

I, Avril D'Souza, declare:

I am now and at all times herein mentioned have been over the age of eighteen years, employed in Santa Clara County, California, and not a party to the within action or cause; that my business address is 70 West Hedding Street, 9th Floor, San José, California 95110-1770.  My electronic service address is: avril.dsouza@cco.sccgov.org. On **December 30, 2022**, I electronically served copies of the following:

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' *EX PARTE* APPLICATION TO CONTINUE THE HEARING DATE FOR PLAINTIFFS' MOTION FOR SUMMARY ADJUDICATION**

to the people listed below at the following electronic service address:

NATIONAL CENTER FOR LAW & POLICY
Dean R. Broyles
Email: dbroyles@nclplaw.org

ADVOCATES FOR FAITH & FREEDOM
Mariah Gondeiro
Email: mgondeiro@faith-freedom.com
Robert H. Tyler
Email: btyler@faith-freedom.com
Sue Kenney
Email: skenney@faith-freedom.com

TYLER & BURSCH, LLP
Shelly Padilla
Email: spadilla@tylerbursch.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on **December 30, 2022** in San José, California.

DocuSigned by:

511B67E17E80419...

Avril D'Souza



1  JAMES R. WILLIAMS, County Counsel (S.B. #271253)
   MELISSA R. KINIYALOCTS, Lead Deputy County Counsel (S.B. #226196)
2  KARUN A. TILAK, Deputy County Counsel (S.B. #323939)
   JAMILA G. BENKATO, Deputy County Counsel (S.B. #313646)
3  ROBIN M. WALL, Deputy County Counsel (S.B. #235690)
   OFFICE OF THE COUNTY COUNSEL
4  70 West Hedding Street, East Wing, Ninth Floor
   San José, California 95110-1770
5  Telephone: (408) 299-5900
   Facsimile: (408) 292-7240
6  melissa.kiniyalocts@cco.sccgov.org
   karun.tilak@cco.sccgov.org
7  jamila.benkato@cco.sccgov.org
   robin.wall@cco.sccgov.org
8
9  Attorneys for Plaintiffs
   THE PEOPLE OF THE STATE OF
10 CALIFORNIA, COUNTY OF SANTA CLARA,
   AND SARA H. CODY, M.D., IN HER OFFICIAL
11 CAPACITY AS HEALTH OFFICER FOR THE
   COUNTY OF SANTA CLARA
12

**Electronically Filed**
**by Superior Court of CA,**
**County of Santa Clara,**
**on 12/30/2022 10:02 AM**
**Reviewed By: R. Sandoval**
**Case #20CV372285**
**Envelope: 10818844**

*Exempt From Filing Fees*
*Pursuant to Gov. Code, § 6103*

13           SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA

14

15 THE PEOPLE OF THE STATE OF
   CALIFORNIA, COUNTY OF SANTA CLARA,
16 and SARA H. CODY, M.D., in her official
   capacity as Health Officer for the County of
17 Santa Clara,

18           Plaintiffs,

19 v.

20 CALVARY CHAPEL SAN JOSE; MIKE
   MCCLURE, and DOES 1-50,
21
              Defendants.
22

23

24

25

26

27

28

No. 20CV372285

**DECLARATION OF ROBIN M. WALL IN
SUPPORT OF PLAINTIFFS' OPPOSITION
TO DEFENDANTS' *EX PARTE*
APPLICATION TO CONTINUE THE
HEARING DATE FOR PLAINTIFFS'
MOTION FOR SUMMARY
ADJUDICATION**

Date:    January 17, 2023
Time:    11:00 a.m.
Dept.:   D7
Judge:   The Honorable Christopher Rudy

1

### DECLARATION OF ROBIN M. WALL

I, ROBIN M. WALL, declare:

1.      I am a Deputy County Counsel for the County of Santa Clara, attorneys of record herein for the Plaintiffs the People of the State of California, the County of Santa Clara, and the County's Health Officer, Dr. Sarah H. Cody.  I make this declaration in support of Plaintiffs' Opposition to Defendants' Ex Parte Application to Continue the Hearing Date for Plaintiffs' Motion for Summary Adjudication.

2.      I know the facts herein stated of my own personal knowledge and if called upon to do so, I could competently testify to them under oath.

3.      On June 9, 2020, Calvary Chapel San Jose, Mike McClure, and two other plaintiffs filed suit against a number of County officials in the U.S. District Court for the Northern District of California, challenging the County's public health orders related to the COVID-19 pandemic.  The operative complaint, the Fourth Amended Complaint, was filed on April 15, 2022, and the case is captioned *Calvary Chapel San Jose, et al. v. County of Santa Clara*, Case No. 5:20-cv-03794.  The case is currently pending before U.S. District Judge Beth Labson Freeman, with a hearing on the parties' cross motions for summary judgment set for January 26, 2023.  Both cross-motions are styled as partial motions for summary judgment.

4.      On October 29, 2020, the Plaintiffs in this case filed suit against Calvary Chapel San Jose and Mike McClure (collectively, "Calvary") to enforce the COVID-19 public health orders.

5.      The parties filed stipulations for the cross-use of discovery in both cases to avoid duplicative discovery and coordinate their discovery efforts.  This Court issued an order on the parties' stipulation on July 11, 2022,  The District Court issued a similar order on July 8, 2022.

6.      The discovery in both proceedings has been extensive.  The County has produced over 36,000 pages of documents; Calvary has served—and the County has responded to—scores of interrogatories; and the parties have taken over 20 depositions.

7.      On June 17, 2022, the County produced copies of all of the notices of violation ("NOVs") that had been issued to Calvary in connection with its violation of the COVID-19 public health orders and directives.  Those NOVs included the November 9, 2022 NOV, which was

1

1    produced at Bates numbers CCO_Calvary_032387 to CCO_Calvary_032290.

2        8.      On July 21, 2022, Calvary's counsel deposed Michael Balliet, who testified that in

3    August 2020 he was the Director of the County's Community and Business Engagement Unit, and in

4    that role he oversaw the Business Compliance Unit, which was responsible for COVID-19

5    enforcement.

6        9.      On August 26, 2022, the County filed its motion for summary adjudication.  In

7    support of that motion, the County filed a number of declarations, including the Declaration of

8    Melissa Gonzalez (who now goes by Melissa Huerta).  Both the County's motion and Ms. Huerta's

9    declaration address the November 9, 2020 NOV.

10       10.     Calvary filed a partial motion for summary judgment in the federal case on

11   September 16, 2022.  Then, on December 8, 2022, Calvary filed a motion to advance the hearing

12   date on its motion for summary judgment from January 26, 2023 to "a date no later than January 16,

13   2023."  The District Court denied the motion by order dated December 13, 2022. A true and correct

14   copy of that order is attached as **Exhibit A**.

15       11.     On September 26, 2022, my colleague Karun Tilak wrote to Calvary counsel Mariah

16   Gondeiro to confirm deposition dates for three County employees, including Ms. Huerta and her

17   supervisor, Beatrice Santiago.  Ms. Gondeiro responded that same day, confirming the date for Ms.

18   Santiago's deposition and then writing: "We will send a notice of deposition.  We will then assess

19   whether Ms. Huerta and Ms. Sircar are needed."  A true and correct copy of that email exchange is

20   attached as **Exhibit B**.

21       12.     Ms. Santiago's deposition went forward on October 7, 2022.  The November 9, 2020

22   NOV was marked as Exhibit 4 to the deposition, and Calvary's counsel asked Ms. Santiago

23   questions about it.

24       13.     Fact discovery was scheduled to close in the federal case on October 7, 2022.  On

25   October 4, 2022, the parties stipulated to extend the fact discovery deadline to October 28, 2022, to

26   allow the parties to take the depositions of six individuals, including Ms. Huerta.  On October 6,

27   2022, the District Court entered an order granting the parties' stipulation.  A true and correct copy of

28   that order is attached as **Exhibit C**.

2

Decl. of Robin M. Wall ISO Plts' Opposition to Defs' *Ex Parte*                                    20CV372285
Application to Continue the Hearing Date for Plts' MSA

14.     On October 28, 2022, the County filed an ex parte application to advance the hearing date on its motion for summary adjudication.  That same day, Calvary filed its opposition to the application.

15.     On December 6, 2022, Ms. Gondeiro requested deposition dates for Ms. Huerta and another enforcement officer.  Ms. Huerta's deposition was scheduled for December 21, 2022.

16.     On December 19, 2022, my colleague Jamila Benkato informed Ms. Gondeiro via email that Ms. Huerta was ill and could not participate in the deposition.  Due to the holidays and the availability of counsel, Ms. Benkato proposed rescheduling Ms. Huerta's deposition for January 3, 4, or 5.  To date, Calvary's counsel has not confirmed a new date for Ms. Huerta's deposition.

17.     Ms. Huerta has previously testified regarding her enforcement activities and Calvary's violations of the public health orders: she testified at an October 21, 2020 administrative proceeding before the Office of the County Hearing Officer with Calvary's counsel present; she testified and was cross-examined by Calvary's counsel at a January 14, 2021 contempt hearing in this case; and she has submitted numerous declarations in the course of the state and federal proceedings, including the declaration submitted in support of the County's pending summary adjudication motion that addresses the November 9, 2020 NOV.

18.     The District Court has twice held that it cannot rule on the alleged excessiveness of the fines under the Eighth Amendment until this Court decides the amount of the fines.  (*See Calvary Chapel San Jose, et al. v. County of Santa Clara*, Case No. 5:20-cv-03794, ECF 156 [Order on Motions to Dismiss] at 24; ECF 178 [Order dated May 26, 2022] at 7-8.)

19.     On November 14, 2022, the County produced a spreadsheet to Calvary that lists the complaints received by the County relating to "non-commercial" activity (Bates Nos. CCO_Calvary_036200 to CCO_Calvary_036203.  That spreadsheet includes a column titled "DESCRIPTION_OF_COMPLAINT" that contains each of the complaints submitted to the County—*i.e.*, the complainants' respective descriptions of the alleged violations being reported.

20.     The County has argued in both its motion for summary adjudication in this Court and in the summary judgment briefing in the District Court that Calvary's constitutional claims and defenses—except as to capacity restrictions and singing—are barred as a matter of res judicata by

3

1  this Court's April 8, 2021 decision that considered and rejected Calvary's constitutional arguments.

2  (*See Calvary Chapel San Jose, et al. v. County of Santa Clara*, Case No. 5:20-cv-03794, ECF 253

3  [County's Motion for Partial Summary Judgment] at pp. 7-12; ECF 238 [Opposition to Calvary's Motion

4  for Partial Summary Judgment] at pp. 7-10; *People of the State of California, et al. v. Calvary Chapel*

5  *San Jose, et al.*, No. 20CV372285, Memorandum of Points and Authorities in Support of Plaintiffs'

6  Motion for Summary Adjudication at pp. 12, 15, 17, 19 n.11, 20, 21.)

7        I declare under penalty of perjury under the laws of the State of California that the foregoing

8  is true and correct.

9        Executed on December 30, 2022 at San José, California.

10

11                                          DocuSigned by:

                                            *Robin Wall*
                                            A4EC48085C714C6...
12                                          ROBIN M. WALL

13

14

15

16    2755652

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

DocuSign Envelope ID: 3B66FA02-BE52-45D8-817E-994691C1DE29

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| CALVARY CHAPEL SAN JOSE, et al., | Case No. 20-cv-03794-BLF |
| Plaintiffs, | |
| v. | **ORDER DENYING PLAINTIFFS' ADMINISTRATIVE MOTION TO CHANGE TIME** |
| SARA CODY, et al., | |
| Defendants. | |

Before the Court is Plaintiffs Calvary Chapel San Jose and Pastor Mike McClure's (together "Calvary") request under Civil Local Rules 6-3 and 7-11 to advance the hearing date on Plaintiffs' Partial Motion for Summary Judgment and Defendant Santa Clara County's Motion to Stay and to Dismiss Plaintiffs' Claims. Mot., ECF No. 247. Defendant Santa Clara County opposes. Opp'n, ECF No. 249.

Plaintiffs' motion to change time is hereby DENIED for three reasons. First, the Court's calendars are full. Second, even if the oral argument were advanced, the Court would not be able to render a decision before the January 17 hearing date in state court. Third, the Court finds that judicial economy would be best served by deciding Defendants' motion to dismiss before Plaintiffs' motion for partial summary judgment.

**IT IS SO ORDERED.**

Dated: December 13, 2023

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

# EXHIBIT B

DocuSign Envelope ID: 3B66FA02-BE5E-45D8-817E-0246001C1DE29

## Wall, Robin

| | |
|---|---|
| **From:** | Mariah Gondeiro <mgondeiro@tylerbursch.com> |
| **Sent:** | Monday, September 26, 2022 11:54 AM |
| **To:** | Tilak, Karun |
| **Cc:** | Wall, Robin; Brandwajn, Xavier; Kiniyalocts, Melissa; Benkato, Jamila; LoPresti, Tony; Sue Kenney - Advocates |
| **Subject:** | [EXTERNAL] RE: Enforcement Officer and Beatrice Santiago Depositions |

Good morning,

We can accommodate Ms. Santiago for a remote deposition on October 7, 2022. We will send a notice of deposition. We will then assess whether Ms. Huerta and Ms. Sircar are needed.

To confirm, Beatrice Santiago is a supervisor, correct?

Mariah

---

**From:** Tilak, Karun <karun.tilak@cco.sccgov.org>
**Sent:** Monday, September 26, 2022 11:25 AM
**To:** Mariah Gondeiro <mgondeiro@tylerbursch.com>
**Cc:** Wall, Robin <robin.wall@cco.sccgov.org>; Brandwajn, Xavier <xavier.brandwajn@cco.sccgov.org>; Kiniyalocts, Melissa <Melissa.Kiniyalocts@cco.sccgov.org>; Benkato, Jamila <jamila.benkato@cco.sccgov.org>; LoPresti, Tony <tony.lopresti@cco.sccgov.org>
**Subject:** RE: Enforcement Officer and Beatrice Santiago Depositions

Good Morning Mariah,

I wanted to follow up on the below. Ms. Santiago, Ms. Huerta, and Ms. Sircar are holding the dates referenced in my below email, but they have busy schedules. We'd appreciate a prompt response so we can confirm their deposition dates.

Thanks,



**Karun Tilak** | Deputy County Counsel
Office of the County Counsel, County of Santa Clara
70 West Hedding Street, East Wing, 9th Floor | San José, CA 95110
Office: (408) 299-5936 | Mobile: (669) 287-9076
karun.tilak@cco.sccgov.org | counsel.sccgov.org

**NOTICE TO RECIPIENT:** The information in this email is confidential and may be protected by the attorney-client and/or work product privileges. If you received this email in error, any review, use, dissemination, distribution, or copying of it is strictly prohibited.  Please notify Administration, Office of the County Counsel, of the error immediately at 408-299-5900 and delete this communication and any attached documents from your system.

---

**From:** Tilak, Karun
**Sent:** Thursday, September 22, 2022 3:17 PM
**To:** Mariah Gondeiro <mgondeiro@tylerbursch.com>
**Cc:** Wall, Robin <robin.wall@cco.sccgov.org>; Brandwajn, Xavier <xavier.brandwajn@cco.sccgov.org>; Kiniyalocts, Melissa <Melissa.Kiniyalocts@cco.sccgov.org>; Benkato, Jamila <jamila.benkato@cco.sccgov.org>; LoPresti, Tony <tony.lopresti@cco.sccgov.org>
**Subject:** Enforcement Officer and Beatrice Santiago Depositions

Hi Mariah,

I write in regards to the deposition availability of Beatrice Santiago, Melissa Huerta (previously Gonzalez), and Anjani Sircar.

Ms. Santiago is available on October 7 for remote deposition.

Ms. Huerta and Ms. Sircar are not available the week of Oct. 3-7. We would propose October 12 for Ms. Sircar's deposition, and October 13 for Ms. Huerta's deposition. Please let us know if those dates work for you. We would be willing to stipulate to extend the fact discovery deadline for the limited purpose of completing these two depositions.

Sincerely,



**Karun Tilak** | Deputy County Counsel
Office of the County Counsel, County of Santa Clara
70 West Hedding Street, East Wing, 9th Floor | San José, CA 95110
Office: (408) 299-5936 | Mobile: (669) 287-9076
karun.tilak@cco.sccgov.org | counsel.sccgov.org

**NOTICE TO RECIPIENT**: The information in this email is confidential and may be protected by the attorney-client and/or work product privileges. If you received this email in error, any review, use, dissemination, distribution, or copying of it is strictly prohibited.  Please notify Administration, Office of the County Counsel, of the error immediately at 408-299-5900 and delete this communication and any attached documents from your system.

# EXHIBIT C

1  JAMES R. WILLIAMS, County Counsel (S.B. #271253)
   MELISSA R. KINIYALOCTS, Lead Deputy County Counsel (S.B. #215814)
2  ROBIN M. WALL, Deputy County Counsel (S.B. #235690)
   XAVIER M. BRANDWAJN, Deputy County Counsel (S.B. #246218)
3  OFFICE OF THE COUNTY COUNSEL
   70 West Hedding Street, East Wing, Ninth Floor
4  San José, California 95110-1770
   Telephone: (408) 299-5900
5  Facsimile: (408) 292-7240

6  Attorneys for Defendants
   COUNTY OF SANTA CLARA, SARA H. CODY,
7  M.D., MIKE WASSERMAN, CINDY CHAVEZ,
   OTTO LEE, SUSAN ELLENBERG, JOE
8  SIMITIAN and JAMES R. WILLIAMS

9

10                     UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF CALIFORNIA
11                          (San José Division)

12

13  CALVARY CHAPEL SAN JOSE, et al.,       No. 20-CV-03794 BLF (VKD)

14              Plaintiffs,                **JOINT STIPULATION TO EXTEND FACT
                                           DISCOVERY DEADLINE; [PROPOSED]**
15  v.                                     **ORDER**

16  COUNTY of SANTA CLARA, et al.,

17              Defendants.

18

19                            **JOINT STIPULATION**

20          Pursuant to Civil Local Rule 6-2, the parties hereby agree and stipulate to the following

21  extension of the fact discovery deadline in the above-captioned matter for the sole purpose of

22  conducting certain depositions.

23          WHEREAS the current deadline for fact discovery as stipulated to by the parties and ordered

24  by the Court on April 9, 2021 (ECF 83) is October 7, 2022;

25          WHEREAS the parties have engaged in reasonably diligent efforts to complete discovery,

26  but have been unable to complete the depositions of the following individuals due to the availability

27  of the deponents and counsel, as well as the recent disclosure of the four (4) declarants in support of

28  Plaintiffs' September 16, 2022, Partial Motion for Summary Judgment (PMSJ):

                                         1

- Melissa Huerta (County employee)

- Anjani Sircar (County employee)

- Roger Gliebe (Declarant in support of PMSJ)

- William Shepherd (Declarant in support of PMSJ)

- Anne Stenehjem (Declarant in support of PMSJ)

- Megan Fraboni (Declarant in Support of PMSJ)

WHEREAS the parties agree to extend the deadline for fact discovery to October 28, 2022 for the sole purpose of conducting these six depositions;

WHEREAS there is good cause to extend the fact discovery deadline to conduct these six depositions in order to accommodate the schedules of the deponents and counsel;

WHEREAS the parties have previously stipulated to and otherwise sought modifications to briefing schedules, filing and response deadlines, and the ADR deadline (e.g., ECF 52, 77, 100, 103, 107, 118, 142, 148, 169, 181, and 216); and

WHEREAS the parties do not expect the agreed-upon extension to affect the overall schedule for the case apart from the fact discovery deadline.

Accordingly, for good cause shown, the above-named parties stipulate and respectfully request the Court enter an order extending the fact discovery deadline as set forth above and in the proposed order submitted herewith.

IT IS SO STIPULATED.

Dated: October 4, 2022                    JAMES R. WILLIAMS
                                          County Counsel

                                          By:   */s/ Robin M. Wall*
                                          ROBIN M. WALL
                                          Deputy County Counsel

                                          Attorneys for Defendants

Dated: October 4, 2022                    TYLER & BURSCH, LLP

                                          By:   */s/ Mariah Gondeiro*
                                          MARIAH GONDEIRO
                                          Attorneys for Plaintiffs

2

1

**CERTIFICATION**

Pursuant to Civil Local Rule 5-1(i)(3), I attest that the concurrence of Mariah Gondeiro in the filing of this stipulation has been obtained.

Dated:  October 4, 2022                By:     _/s/ Robin M. Wall_____
                                                ROBIN M. WALL
                                                Deputy County Counsel

**[PROPOSED] ORDER**

The Court, having reviewed the parties' Joint Stipulation, and good cause appearing therefor, IT IS HEREBY ORDERED that the deadline for fact discovery is extended to October 28, 2022 for the sole purpose of conducting the depositions of Melissa Huerta, Anjani Sircar, Roger Gliebe, William Shepherd, Anne Stenehjem, and Megan Fraboni.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: _ October 6_____, 2022          _____
                                           The Honorable Beth Labson Freeman
                                           United States District Judge

2712917

DocuSign Envelope ID: 3B66FA02-BE5E-45D8-817E-924601C1DE39

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA

<u>PROOF OF SERVICE BY ELECTRONIC MAIL</u>

*The People of the State of California, et al. v. Calvary Chapel San Jose, et al.*     Case No.:  20CV372285

I, Avril D'Souza, declare:

I am now and at all times herein mentioned have been over the age of eighteen years, employed in Santa Clara County, California, and not a party to the within action or cause; that my business address is 70 West Hedding Street, 9th Floor, San José, California 95110-1770.  My electronic service address is: avril.dsouza@cco.sccgov.org. On **December 30, 2022**, I electronically served copies of the following:

**DECLARATION OF ROBIN M. WALL IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' *EX PARTE* APPLICATION TO CONTINUE THE HEARING DATE FOR PLAINTIFFS' MOTION FOR SUMMARY ADJUDICATION**

to the people listed below at the following electronic service address:

NATIONAL CENTER FOR LAW & POLICY
Dean R. Broyles
Email: dbroyles@nclplaw.org

ADVOCATES FOR FAITH & FREEDOM
Mariah Gondeiro
Email: mgondeiro@faith-freedom.com
Robert H. Tyler
Email: btyler@faith-freedom.com
Sue Kenney
Email: skenney@faith-freedom.com

TYLER & BURSCH, LLP
Shelly Padilla
Email: spadilla@tylerbursch.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on **December 30, 2022** in San José, California.

DocuSigned by:

511B67F17E80419...

Avril D'Souza

# Exhibit 3

| | |
|---|---|
| **From:** | no-reply@efilingmail.tylertech.cloud |
| **To:** | Wall, Robin |
| **Subject:** | [EXTERNAL] Courtesy Notification of filing for Case No. 20CV372285 (THE PEOPLE OF THE STATE OF CALIFORNIA et al vs CALVARY CHAPEL SAN JOSE et al) |
| **Date:** | Tuesday, January 3, 2023 11:03:54 AM |

# Courtesy Notification

Envelope Number: **10818844**

This is a courtesy notification for the filing listed. Please click the link below to retrieve the submitted document.

| Filing Details | |
|---|---|
| **Case Number** | 20CV372285 |
| **Case Style** | THE PEOPLE OF THE STATE OF CALIFORNIA et al vs CALVARY CHAPEL SAN JOSE et al |
| **Court** | Santa Clara Superior Court |
| **Date/Time Submitted** | 12/30/2022 10:02 AM PST |
| **Filing Type** | Opposition |
| **Activity Requested** | EFile |
| **Filed By** | Avril D'Souza |

| Document Details | |
|---|---|
| **Lead File** | Opposition to Ex Parte Application.pdf |
| **Lead File Page Count** | 7 |
| **File Stamped Copy** | View Stamped Document<br>This link is active for 365 days. |



Please do not reply to this email. It was generated automatically.

California EFiling Disclaimer: This is an official government communication. As the recipient, you are responsible for the lawful use of this information. This e-mail and any attachments are intended solely for the individual or agency to which they are addressed. They may be confidential and/or contain privileged or otherwise non-public information. Do not disseminate this e-mail and any attachments unless you are authorized to do so under applicable court rules or statutes. If you are not the intended recipient of this e-mail, do not copy, distribute, or take any action in reliance upon this e-mail or any attachments and delete this e-mail and any attachments immediately. Please consider the environment before printing this e-mail.

| | |
|---|---|
| **From:** | no-reply@efilingmail.tylertech.cloud |
| **To:** | Wall, Robin |
| **Subject:** | [EXTERNAL] Courtesy Notification of filing for Case No. 20CV372285 (THE PEOPLE OF THE STATE OF CALIFORNIA et al vs CALVARY CHAPEL SAN JOSE et al) |
| **Date:** | Tuesday, January 3, 2023 11:03:53 AM |

# Courtesy Notification
### Envelope Number: **10818844**

This is a courtesy notification for the filing listed. Please click the link below to retrieve the submitted document.

| Filing Details | |
|---|---|
| **Case Number** | 20CV372285 |
| **Case Style** | THE PEOPLE OF THE STATE OF CALIFORNIA et al vs CALVARY CHAPEL SAN JOSE et al |
| **Court** | Santa Clara Superior Court |
| **Date/Time Submitted** | 12/30/2022 10:02 AM PST |
| **Filing Type** | Declaration: In Support |
| **Activity Requested** | EFile |
| **Filed By** | Avril D'Souza |

| Document Details | |
|---|---|
| **Lead File** | Decl. of RMW ISO County's Opp to Def's Ex-Parte Motion.pdf |
| **Lead File Page Count** | 15 |
| **File Stamped Copy** | View Stamped Document<br>This link is active for 365 days. |



Please do not reply to this email. It was generated automatically.

California EFiling Disclaimer: This is an official government communication. As the recipient, you are responsible for the lawful use of this information. This e-mail and any attachments are intended solely for the individual or agency to which they are addressed. They may be confidential and/or contain privileged or otherwise non-public information. Do not disseminate this e-mail and any attachments unless you are authorized to do so under applicable court rules or statutes. If you are not the intended recipient of this e-mail, do not copy, distribute, or take any action in reliance upon this e-mail or any attachments and delete this e-mail and any attachments immediately. Please consider the environment before printing this e-mail.

# Exhibit 4

DEC 29 2022

Filed
January 3, 2023
Clerk of the Court
Superior Court of CA
County of Santa Clara
20CV372285
By: fmiller

1  ADVOCATES FOR FAITH & FREEDOM
   Robert H. Tyler, State Bar No. 179572
2  rtyler@faith-freedom.com
   Mariah R. Gondeiro, State Bar No. 323683
3  mgondeiro@faith-freedom.com
   25026 Las Brisas Road
4  Murrieta, California 92562
   Telephone:    (951) 600-2733
5  Facsimile:    (951) 600-4996

6
   Attorneys for Defendants **Calvary Chapel San Jose and**
7  **Mike McClure**

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                  **FOR THE COUNTY OF SANTA CLARA**

10

11  THE PEOPLE OF THE STATE OF              Case No.: 20CV372285
    CALIFORNIA, COUNTY OF SANTA
12  CLARA, and SARA H. CODY, M.D., in her   ~~[PROPOSED]~~ **ORDER GRANTING**
    official capacity as Health Officer for the  **DEFENDANTS' *EX PARTE***
13  County of Santa Clara,                  **APPLICATION FOR ORDER**
                                            **EXTENDING TIME TO HEAR MOTION**
14              Plaintiffs,                 **FOR SUMMARY ADJUDICATION**

15         v.                               Date:    December 30, 2022
                                            Time:    8:30 a.m.
16  CALVARY CHAPEL SAN JOSE; MIKE           Dept.:   D7
    McCLURE; and DOES 1-501-50, inclusive,  Judge:   The Honorable Christopher Rudy
17
                Defendants.
18

19         The application of Mike McClure and Calvary Chapel San Jose (collectively "Defendants")

20  for an order extending time to hear the motion for summary adjudication came for an *ex parte*

21  hearing on December 30, 2022, at 8:15 a.m., in Department D7 of the above-captioned Court,

22  located at 191 North 1ˢᵗ Street, San Jose, California 95113.

23         Based upon the papers submitted and argument of counsel, the Court finds there is good

24  cause to extend time on the hearing date on Plaintiffs' Motion for Partial Summary Adjudication.

25  The request is **GRANTED** and the hearing date is extended to 30 March       , 2023. at 9:00 am
    in Department 6.  All remaining papers per code.  No opposition presented.

26                                            Signed: 1/1/2023 12:47 PM

27  Dated: 01 January 2023                    Socrates Peter Manoukian CCP 635

28                                            HONORABLE CHRISTOPHER G. RUDY

                                            I
    ~~PROPOSED~~ ORDER TO EXTEND TIME ON HEARING DATE ON PLAINTIFFS' MOTION FOR PARTIAL
                            SUMMARY ADJUDICATION


FAXED

# Exhibit 5

| From: | Wall, Robin |
|---|---|
| To: | Mariah Gondeiro; Tilak, Karun; smanoukian@scscourt.org; department20@scscourt.org; Department 7; department3@scscourt.org |
| Cc: | Kiniyalocts, Melissa; Benkato, Jamila; Sue Kenney |
| Subject: | RE: People v. Calvary Chapel (20cv372285): Order re: Defendants" Request for Continuance |
| Date: | Tuesday, January 3, 2023 12:40:00 PM |
| Attachments: | image001.png |
| | EXTERNAL People v. Calvary Chapel San Jose.msg |

Dear Judge Manoukian,

We appreciate your time on this matter and particularly the fact that you were working on New Year's Day, although it appears that the opposition papers that the People filed on Friday, December 30 at 10 a.m. did not find their way to your desk.  Hopefully that error can be addressed.

I do not wish to prolong this email exchange, but, unfortunately, I need to correct the record regarding Calvary's communication with the People's counsel.  Ms. Gondeiro did not call me on December 29 at 10:35 a.m.  She did not call me until the next day.  I have reviewed my telephone records, and those records reflect only one call from Ms. Gondeiro and that is a 7-minute call on December 30, beginning at 10:34 a.m.

The People's counsel were given no notice of the December 29 filing.  The last communication we received on December 29 was at 10:28 a.m., when counsel's office informed us via email that the ex parte application "will be submitted to the court Friday morning."  (Attached.)

Best regards,



**Robin M. Wall** | Deputy County Counsel
Office of the County Counsel, County of Santa Clara
70 West Hedding Street, East Wing, 9th Floor | San José, CA 95110
Office: (408) 299-9033
Pronouns: he/him/his
robin.wall@cco.sccgov.org | counsel.sccgov.org

**NOTICE TO RECIPIENT**: The information in this email is confidential and may be protected by the attorney-client and/or work product privileges. If you received this email in error, any review, use, dissemination, distribution, or copying of it is strictly prohibited.  Please notify Administration, Office of the County Counsel, of the error immediately at 408-299-5900 and delete this communication and any attached documents from your system.

**From:** Mariah Gondeiro <mgondeiro@tylerbursch.com>
**Sent:** Tuesday, January 3, 2023 11:56 AM
**To:** Tilak, Karun <karun.tilak@cco.sccgov.org>; smanoukian@scscourt.org; department20@scscourt.org; Department 7 <Department7@scscourt.org>; department3@scscourt.org
**Cc:** Kiniyalocts, Melissa <Melissa.Kiniyalocts@cco.sccgov.org>; Wall, Robin <robin.wall@cco.sccgov.org>; Benkato, Jamila <jamila.benkato@cco.sccgov.org>; Sue Kenney <skenney@tylerbursch.com>

**Subject:** [EXTERNAL] RE: People v. Calvary Chapel (20cv372285): Order re: Defendants' Request for Continuance

Good morning Judge Manoukian, Department 3, and Department 7,

On December 27, 2020, I emailed the county informing them that the Defendants would move, ex parte, to continue the hearing on the motion for summary adjudication. I provided a summary of what the application would include.

The following day, I provided a draft of our ex parte application. I did inform Robin Wall that we would file the ex parte application on January 30, 2022.  A copy of the email exchanges are attached.

However, on January 29, 2022, our process server, First Legal, improperly filed the papers. I called Robin Wall that same day, at 10:35 a.m. to let him know the application was filed a day earlier and that we had told our process service to inform the court it was supported to be filed on January 30, 2022.

Best,


Mariah

---

**From:** Tilak, Karun <karun.tilak@cco.sccgov.org>
**Sent:** Monday, January 2, 2023 2:09 PM
**To:** smanoukian@scscourt.org; department20@scscourt.org; Department 7 <Department7@scscourt.org>; department3@scscourt.org
**Cc:** Kiniyalocts, Melissa <Melissa.Kiniyalocts@cco.sccgov.org>; Wall, Robin <robin.wall@cco.sccgov.org>; Benkato, Jamila <jamila.benkato@cco.sccgov.org>; Mariah Gondeiro <mgondeiro@tylerbursch.com>; Sue Kenney <skenney@tylerbursch.com>
**Subject:** People v. Calvary Chapel (20cv372285): Order re: Defendants' Request for Continuance

Good Afternoon Judge Manoukian, Department 3, and Department 7,

I am counsel for the People of the State of California in *People v. Calvary Chapel San Jose* (20cv372285) and write in regards to the Court's January 1, 2023 order granting Defendants' request for a continuance of the summary adjudication hearing date (attached). The Court's order incorrectly indicates "No opposition presented."  In fact, the People did file a timely opposition to Defendants' *ex parte* application on the morning of December 30, 2022, and emailed copies of that opposition to both Departments 3 and 7.

Defendants filed their *ex parte* application on December 29, 2022 without giving the People proper notice in violation of Local Civil Rule 16(C).  (See attached Dec. 29, 2022 Email from S. Kenney to R. Wall et al. [attaching ex parte filings; see also L. Civil Rule 16(C) [requiring that "[n]otice and service" of the ex parte application "must be provided as required by the Rules of Court by no later than 10:00 a.m. *the court day before the ex parte application is submitted* with proof of notice filed with

the application," emphasis added].)  Defendants did <u>not</u> serve the ex parte application on the People by 10 a.m. on December 28, 2022, as required.  In acknowledgement of this fact, Defendants' counsel expressly assured the People that the *ex parte* application would not be filed until December 30, 2022.  (See attached Dec. 28, 2022 Email from M. Gondeiro to R. Wall et al. [stating that Calvary "will file the application Friday [12/30] morning"; see also Dec. 29 2022 Email from S. Kenney to R. Wall.)

The People therefore had no notice that the *ex parte* application had in fact been filed on December 29, 2022, in violation of the Local Rules and counsel's express assurance.  Once the People learned that the *ex parte* application had been prematurely filed by checking the docket, the People immediately filed an opposition on December 30, 2022.  The People's opposition was both e-filed and was emailed to Departments 3 and 7.  (See attached Dec. 30, 2022 Emails from A. D'Souza to Dep't 3 and Dep't 7.)  Our understanding is that counsel for Defendants also emailed Departments 3 and 7 to indicate that the *ex parte* should have been filed on December 30.  (See attached Dec. 30, 2022 Emails from Sue Kenney to Dep't 3 and Dep't 7.)

We have re-attached the People's timely filed opposition here for the Court's consideration.  The relevant correspondence referenced above is contained in the attached zip folder.  The People respectfully request that the Court withdraw its order and strike Defendants' *ex parte* application as filed without proper notice in violation of Local Civil Rule 16(C).  In the alternative, we respectfully request that the Court reconsider its order in light of the People's opposition brief.  If the Court is not inclined to withdraw or reconsider its order, the People respectfully request a hearing on the matter.

Sincerely,



Karun Tilak | Deputy County Counsel
Office of the County Counsel, County of Santa Clara

70 West Hedding Street, East Wing, 9th Floor | San José, CA 95110
Office: (408) 299-5936 | Mobile: (669) 287-9076
karun.tilak@cco.sccgov.org  |  counsel.sccgov.org

NOTICE TO RECIPIENT: The information in this email is confidential and may be protected by the attorney-client and/or work product privileges. If you received this email in error, any review, use, dissemination, distribution, or copying of it is strictly prohibited.  Please notify Administration, Office of the County Counsel, of the error immediately at 408-299-5900 and delete this communication and any attached documents from your system.