JAMES R. WILLIAMS, County Counsel (S.B. #271253)
MELISSA R. KINIYALOCTS, Lead Deputy County Counsel (S.B. #215814)
ROBIN M. WALL, Deputy County Counsel (S.B. #235690)
XAVIER M. BRANDWAJN, Deputy County Counsel (S.B. #246218)
OFFICE OF THE COUNTY COUNSEL
70 West Hedding Street, East Wing, Ninth Floor
San José, California 95110-1770
Telephone: (408) 299-5900
Facsimile: (408) 292-7240

Attorneys for Defendant
COUNTY OF SANTA CLARA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(San José Division)

| | |
|---|---|
| CALVARY CHAPEL SAN JOSE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SANTA CLARA,<br><br>Defendant. | No. 20-CV-03794 BLF<br><br>**COUNTY OF SANTA CLARA'S ADMINISTRATIVE MOTION TO VACATE THE TRIAL DATE; AND [PROPOSED] ORDER**<br><br>Judge:   Beth Labson Freeman |

**ADMINISTRATIVE MOTION TO CONTINUE TRIAL DATE**

Pursuant to Civil Local Rules 6-3, 7-11, and 40-1, defendant County of Santa Clara ("the County") respectfully moves the Court to: (1) vacate or continue the currently scheduled trial date of May 22, 2023, (2) stay all pretrial deadlines related to the May 22 trial date, and (3) schedule a further status conference within 30 days after the parties report on the conclusion of the parallel enforcement action in the Superior Court for the County of Santa Clara.  Plaintiffs oppose the relief sought in this Motion.

**BACKGROUND AND EFFORTS TO OBTAIN STIPULATION**

By email dated February 7, 2023, the undersigned counsel proposed a stipulation to Plaintiffs that would continue the trial date to accommodate: (1) the fact that the Superior Court will hear the County's motion for summary adjudication on March 14, 2023 and, by law, has 90 days thereafter to

1  issue a final order—which falls after trial in this case would be finished; and (2) Plaintiffs' request
2  (through prior emails) for a further continuance of the deadline to conclude expert discovery in this
3  case.  Declaration of Robin M. Wall ("Wall Decl.") at ¶2.  The undersigned also offered a phone call
4  to discuss this proposed continuance.  *Id.*

5  Less than 15 minutes later, Plaintiffs' counsel replied by email that Plaintiffs "are not
6  amenable to changing the trial date because [Judge] Freeman has such a busy schedule." *Id.* at ¶3.
7  Plaintiffs' counsel did not communicate any desire to discuss by phone and instead proposed a short
8  extension of the expert discovery deadline.  *Id.*

**BASIS FOR RELIEF**

There is good cause to grant the relief requested.  First, continuing the trial date will help the parties focus their pretrial resources on issues that remain within the Court's jurisdiction and/or remain in dispute.  On January 26, 2023, the Court heard argument on the County's motion to dismiss and/or stay pursuant to the *Younger* abstention doctrine and on the parties' cross-motions for summary judgment.  ECF 269.  At the hearing, the Court made several comments that impact the case schedule and render the May 22 trial date impracticable.

- The Court noted that its tentative ruling was to grant the *Younger* motion.  Wall Decl. at ¶4.
- The Court also noted that it anticipated needing several months to decide the cross-motions for summary judgment.  *Id.*
- And the Court reiterated that it would not adjudicate Plaintiffs' Eighth Amendment or California Constitution claims regarding the alleged excessiveness of the fines at issue until the Superior Court determines the proper amount of those fines.  *Id.*

Moving the trial date will serve all of the foregoing interests and preserve party and judicial resources on expert depositions, motions *in limine*, *Daubert* motions, and other pretrial activities—all of which must otherwise be completed in the coming weeks, pursuant to the Court's local rules and standing orders—some or all of which may ultimately become unnecessary depending on how the Court rules on the dispositive motions under submission.

//

Second, recent delays in the Superior Court proceedings all but guarantee that neither the Court nor the parties will have the necessary clarity on issues still in dispute by the time of the scheduled trial date, let alone the Pretrial Conference or any of the related submissions otherwise due before these milestones.  Following Plaintiffs' *ex parte* application in state court to continue the hearing on the County's motion for summary adjudication in that forum, the Superior Court rescheduled the hearing to February 28, 2023.  *See* ECF 263.  On January 27, 2023, the Superior Court *sua sponte* continued that hearing to March 14, 2023.  *See* ECF 271.  Article VI, Section 19 of the California Constitution and California Government Code § 68210 impose on the Superior Court a 90-day deadline, after the motion is submitted, to issue a decision.  That 90-day deadline falls on June 12, 2023—three weeks after trial is scheduled to begin in this case.

The parties have not previously sought modifications to the trial date, though they stipulated to and otherwise sought modifications to briefing schedules and filing and response deadlines in this case on several occasions.  *E.g.,* ECF 52, 77, 100, 103, 107, 141, and 148.

**RELIEF REQUESTED**

Accordingly, for good cause shown, the County respectfully requests that the Court enter an order (1) vacating the trial date of May 22, 2023, (2) staying all pretrial deadlines related to the May 22 trial date, and (3) scheduling a further status conference within 30 days after the parties' report on the conclusion of the parallel Superior Court enforcement case.

Dated:  February 16, 2023

Respectfully submitted,

JAMES R. WILLIAMS
County Counsel

By:  */s/ Robin M. Wall*
ROBIN M. WALL
Deputy County Counsel

Attorneys for Defendant
COUNTY OF SANTA CLARA

**[PROPOSED] ORDER**

FOR GOOD CAUSE SHOWN, the Court orders as follows:

(1) The May 22, 2023 trial date is hereby VACATED;

(2) All related pretrial deadlines are hereby STAYED; and

(3) The parties shall promptly report to the Court on the status of the state court enforcement action after the Superior Court rules on the pending motion for summary adjudication.

IT IS SO ORDERED.

Dated: _____

                                                    BETH LABSON FREEMAN
United States District Court Judge