Robert H. Tyler, Esq., CA Bar No. 179572
btyler@faith-freedom.com
Mariah Gondeiro, Esq. CA Bar No. 323683
mgondeiro@faith-freedom.com
ADVOCATES FOR FAITH AND FREEDOM
25026 Las Brisas Road
Murrieta, California 92562
Telephone:    (951) 600-2733
Facsimile:     (951) 600-4996

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **CALVARY CHAPEL SAN JOSE**, a California Non-Profit Corporation; et al.;<br><br>Plaintiffs,<br><br>vs.<br><br>**GAVIN NEWSOM,** in his official capacity as the Governor of California, et al.;<br><br>Defendants. | Case No. 20-cv-03794<br><br>**PLAINTIFFS' OPPOSITION TO THE COUNTY'S ADMINISTRATIVE MOTION TO VACATE THE TRIAL DATE**<br><br>Judge:    Hon. Beth L. Freedman |

## I. INTRODUCTION

Plaintiffs Calvary Chapel San Jose and Pastor Mike McClure (collectively, "Plaintiffs" or "Calvary") have been awaiting relief in this case for over 2.5 years. Now, just three months shy of trial, Santa Clara County ("County") requests this Court vacate the trial date indefinitely – without good cause to do so. This is simply the County's last-ditch effort to prevent this Court from rendering a decision on Calvary's constitutional claims in favor of a state forum – a tactic this Court has already rejected in refusing to stay this case in favor of the state action. ECF 178. It is high time for this case to conclude, so Calvary and the County can redirect their attention to serving the needs of the constituents in Santa Clara County. The County has proffered no reason why it cannot proceed as scheduled, and delaying or staying this case would unduly prejudice Calvary. Thus, this Court should deny the County's motion to vacate the trial date and proceed with trial on May 22, 2023.

## II. FACTUAL BACKGROUND

On January 21, 2021, the Court set this case for trial on May 22, 2023. ECF No. 72. On January 26, 2023, the parties argued cross-motions for summary judgment before this Court. ECF 269. The parties are currently awaiting a decision. On February 16, 2023, Defendants filed a motion to vacate the trial date. ECF 272. The parties are scheduled to argue the County's Partial Motion for Summary Adjudication in the parallel state action on March 14, 2023, with the court rendering a decision by June 12, 2023. Declaration of Mariah Gondeiro ("Gondeiro Decl.") at ¶ 3.

## III. ARGUMENT

### A.  Good Cause Does Not Exist To Vacate The Trial Date

Rule 16 of the Federal Rules of Civil Procedure authorizes the Court to enter pretrial scheduling orders, which set dates for the completion of discovery, the hearing of dispositive motions, trial, and other matters. Rule 16(b) provides that the "scheduling order shall not be modified except by leave of court and upon a showing of good cause." Fed. R. Civ. Proc. 16(b). Thus, the County must first show "good cause" for modification of the trial date under Rule 16(b). *See Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir.2002); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir.1992).

This "good cause" standard "primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. A party demonstrates good cause for the modification of a scheduling order by showing that, even with the exercise of due diligence, he or she was unable to meet the timetable set forth in the order. *See Zivkovic*, 302 F.3d at 1087; *Johnson*, 975 F.2d at 609. The County cannot demonstrate that they are unable to comply with the current trial date, and its stated reasons for seeking modification are insufficient to establish good cause.

#### 1.  Preserving Party and Judicial Resources Is Not Good Cause.

The County argues that vacating the trial date is necessary to serve the Court's "interests and preserve party and judicial resources." *See* County Of Santa Clara's Administrative Motion To Vacate The Trial Date ("County Br."), ECF 272 at 2. The County then relies on several statements made by the Court in the parties January 26, 2023 hearing to show why the May 22, 2023 trial date is impracticable. Each will be addressed in turn.

First, the County alleges that "the Court noted that its tentative ruling was to grant the *Younger* motion." County Br. at 2. However, this is patently false. While the Court did extensively question the parties about the *Younger* abstention doctrine, the Court made no comment as to its tentative grant or denial of the *Younger* motion. Gondeiro Decl., at ¶ 5.

Next, the County alleges that a new trial date is warranted because the Court "anticipated needing several months to decide the cross-motions for summary judgment" and that the Plaintiffs' Eighth Amendment or California Constitution claims cannot be decided until the state court determines the amount of those fines. County Br. at 2. These interests are insufficient to establish good cause as they do not impact the County's ability to proceed with trial as scheduled. *See Zivkovic,*, 302 F.3d at 1087. Proceedings do not come to a halt simply because a court is considering dispositive motions, and the Court will issue a decision on those motions prior to the start of trial. Additionally, as discussed below, the amount of the fines is ripe and proper for adjudication, as the County has been clear that it is seeking $2.87 million in fines. Gondeiro Decl., at ¶ 6.

Further, preservation of resources alone is not sufficient to establish good cause. *See Trejo v. City of Shafter*, No. 1:10-CV-02119 AWI, 2011 WL 6130894, at *2 (E.D. Cal. Dec. 8, 2011) ("No longer is the Court able to accommodate requested schedule changes designed only to preserve the litigants' resources or to allow modifications based upon the convenience of counsel. If these were the only bases stated here, the Court would have no choice but to deny the current request [to modify the scheduling order]."). For one, the trial date was set on January 21, 2021. ECF No. 72. The parties have had adequate notice and time to prepare for trial. *Schaffner v. Crown Equip. Corp.*, No. C 09-00284 SBA, 2011 WL 6303408, at *2 (N.D. Cal. Dec. 16, 2011) (holding that Plaintiff failed to demonstrate good cause to extend trial date when the action had been pending for nearly three years with ample opportunity to prepare the case for trial). The County has completed factual discovery and will complete expert discovery next week. Gondeiro Decl., at ¶ 3. Even if the trial is not necessary and the parties' trial preparation does not contribute to the matter's outcome, this schedule and potential situation is routine for trial attorneys. The County has failed to establish why it cannot comply with the trial date as scheduled. *See Zivkovic*, 302 F.3d at 1087.

### 2. A Delay in The Superior Court Does Not Constitute Good Cause.

The County further argues that a continuance of the trial date is necessary because "recent delays in the Superior Court proceedings all but guarantee that neither the Court nor the parties will have the necessary clarity on issues still in dispute by the time of the scheduled trial date." County Br. at 3. The issue the County is referring to is the state court's determination of the proper amount of the fines. This Court need not wait for the state court to rule on the County's motion for summary adjudication because the County has determined the amount of the fines – a staggering $2.87 million. Gondeiro Decl., at ¶ 6. Thus, Calvary's Eighth Amendment claim is ripe and ready for adjudication by this Court.

Further, the County has requested this Court vacate and reconsider the trial date until after the state court rules on the parties' cross-motions for summary adjudication. County Br. at 1. This prematurely assumes that the superior court will establish the amount of the fines at the summary judgment stage. The state court may allow the case to proceed to trial or could order more discovery as to the appropriate amount of fines.

Alternatively, if this Court is inclined to allow the superior court to first rule on the amount of the fines, it should bifurcate the Eighth Amendment claim. The Court has already expressed its willingness to do so. *See* ECF 178 at *8 ("As trial in this case approaches, it may be appropriate to consider severing the Eighth Amendment claim if the state court has not adjudicated the amount of the fine."). Calvary's First and Fourteenth Amendment claims are ripe for adjudication, regardless of the amount of the fines, as Judge Freedman noted. *See* ECF 178 at *7 ("the outcome of the state court action will not control the instant action"). The Superior Court hearing does not impact the County's ability to meet the trial date as scheduled. Thus, the County cannot demonstrate good cause to vacate the trial date. This Court must deny the County's motion.

**B.  Calvary Will Suffer Prejudice If The Court Vacates The Trial Date**

Any delay of the trial date will result in great prejudice to Calvary. Civil Local Rule 6-3 requires the County to identify "the substantial harm or prejudice that would occur if the Court did not change the time" of the trial. The Court may also consider the existence or degree of prejudice to the party opposing the modification" as an "additional reason[] to deny a motion." *Johnson*, 975 F.2d at 609. The County has failed to show that it would suffer prejudice by continuing with trial as scheduled. Rather,

it is Calvary that will be prejudiced if the Court vacates the trial date.

As a threshold matter, Calvary is entitled to speedy resolution of its claims. *See* Fed. R. Civ. Proc. 1 ("[The Federal Rules of Civil Procedure] should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."); *see also Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005) ("In these days of heavy caseloads, trial courts ... set schedules and establish deadlines to foster the efficient treatment and resolution of cases."). Yet, the County has acted in utter disregard of this principle by pursuing endless avenues to delay federal resolution of this case.

Furthermore, Calvary has suffered under the immense stress of a looming $2.87 million fine. Declaration of Mike McClure ("McClure Decl.") at ¶ 2. The fines levied against Calvary have burdened it and its congregation, as the church has put off pursuing or postponing Church-related project and ministries, like the Josiah project, mission's trips, camps, and outreach programs. *Id.* at ¶ 3. Calvary needs a decision on the impending fines, so it knows what resources are available to direct to the community and the church's mission of expanding the gospel of Jesus Christ. *Id.* at ¶ 4. Additionally, any further delay poses the risk of evidentiary prejudice. *See Pagtalunan v. Calaza*, 291 F.3d 639, 643 (9th Cir. 2002) (unnecessary delay "inherently increases the risk that witnesses' memories will fade and evidence will become stale."); *Sw. Marine, Inc. v. Triple a Mach. Shop, Inc.*, 720 F. Supp. 805, 809 (N.D. Cal. 1989) (noting that as civil cases are delayed, "[w]itnesses relocate, memories fade, and persons allegedly aggrieved are unable to seek vindication or redress for indefinite periods of time on end"). Due to the prejudice Calvary will suffer by any further delay, this Court must deny the County's motion.

### IV. CONCLUSION

The Plaintiffs respectfully request that this Court deny the County's Administrative Motion to Vacate the Trial Date and proceed with trial as currently scheduled for May 22, 2023.

Respectfully submitted,

Dated:  February 21, 2023            /s/ Mariah Gondeiro, Esq.
                                     Mariah Gondeiro
                                     Attorney for Plaintiffs