**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 16 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CALVARY CHAPEL SAN JOSE, a California Non-Profit Corporation; MIKE MCCLURE, | No. 23-15445 |
| Plaintiffs-Appellants, | D.C. No. 5:20-cv-03794-BLF |
| v. | MEMORANDUM* |
| COUNTY OF SANTA CLARA; JAMES R. WILLIAMS, | |
| Defendants-Appellees, | |
| and | |
| SARA H. CODY, in her official capacity as Santa Clara County Public Health Officer; MIKE WASSERMAN, in his official capacity as a Santa Clara County Supervisor; CINDY CHAVEZ, in his official capacity as a Santa Clara County Supervisor; DAVE CORTESE, in his official capacity as a Santa Clara County Supervisor; SUSAN ELLENBERG, in her official capacity as a Santa Clara County Supervisor; JOE SIMITIAN, in his official capacity as a Santa Clara County Supervisor, | |
| Defendants. | |

---

\*  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Submitted April 12, 2024[**]
San Francisco, California

Before:   SCHROEDER, GRABER, and SUNG, Circuit Judges.

Plaintiffs Calvary Chapel San Jose and Pastor Mike McClure ("Calvary"), appeal the district court's dismissal of their action challenging the constitutionality of public health orders issued by California and Santa Clara County during the COVID-19 pandemic. Because of the County's pending state enforcement proceedings against Calvary, the district court abstained under the *Younger* doctrine, dismissing Calvary's claims for injunctive and declaratory relief and staying its claims for monetary relief. *See ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014) (describing the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971)). The district court had previously dismissed Calvary's First Amendment retaliation claim as barred by the *Noerr-Pennington* doctrine because the County Counsel's allegedly retaliatory conduct was incidental to its state enforcement lawsuit and thus protected. *See*

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Theme Promotions, Inc. v. News Am. Mktg. FSI*, 546 F.3d 991, 1006–07 (9th Cir. 2008) (describing the *Noerr-Pennington* immunity doctrine).  We affirm the district court's abstention under *Younger*, and we dismiss, for lack of jurisdiction, Calvary's appeal of the district court's dismissal of the retaliation claim.

Calvary first maintains that the County waived reliance on *Younger* abstention because the County did not raise the issue until after filing other motions to dismiss and after a hearing on summary judgment had been set.  Calvary relies on *Walnut Properties, Inc. v. City of Whittier*, 861 F.2d 1102, 1106 (9th Cir. 1988), but there *Younger* abstention was raised only after two prior appeals, one of which reached the Supreme Court.  Here, the *Younger* claim was raised before any final judgment had been entered.  It was not untimely.

The requirements for *Younger* abstention were also met here.  *See ReadyLink*, 754 F.3d at 758 (The State proceeding must be "ongoing"; "implicate important state interests"; provide "an adequate opportunity . . . to raise constitutional challenges"; and the federal action must "enjoin—or have the practical effect of enjoining—[the] state proceedings." (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).  The County initiated the state proceedings before the district court considered the merits of this action, so the proceedings were "ongoing."  *See Nationwide Biweekly Admin., Inc.*

3

*v. Owen*, 873 F.3d 716, 728 (9th Cir. 2017).  The state proceedings implicated important state interests in public health and safety.  *See Herrera v. City of Palmdale,* 918 F.3d 1037, 1045 (9th Cir. 2019).  Moreover, state procedures presumptively provide an opportunity to present constitutional claims, and Calvary did not meet its burden to show that they are procedurally barred from presenting those claims.  *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14–15 (1987).  Indeed, Calvary actually presented constitutional defenses in state court.  The district court also correctly held that Calvary's requested relief would have the practical effect of enjoining the state proceedings.  *See Herrera,* 918 F.3d at 1047–49.  Because the requirements for *Younger* abstention were met and no exception applied, the district court properly abstained.  *See ReadyLink*, 754 F.3d at 759.

      The district court ruled that Calvary's First Amendment retaliation claim was barred by the *Noerr-Pennington* doctrine because the County Counsel's allegedly retaliatory conduct—informing Calvary's lender of the County's state enforcement lawsuit—was incidental to that lawsuit and thus protected.  *See Theme Promotions, Inc.*, 546 F.3d at 1007 ("Conduct incidental to a lawsuit . . . falls within the protection of the *Noerr-Pennington* doctrine.").  As the County correctly points out, there is not yet a final judgment, so we lack appellate jurisdiction to review the interlocutory dismissal of the retaliation claim.  28 U.S.C. § 1291.

4

**AFFIRMED in part and DISMISSED in part.**  Each party shall bear its own costs on appeal.