TONY LOPRESTI, County Counsel (S.B. #289269)
ROBIN M. WALL, Lead Deputy County Counsel (S.B. #235690)
XAVIER M. BRANDWAJN, Deputy County Counsel (S.B. #246218)
OFFICE OF THE COUNTY COUNSEL
70 West Hedding Street, East Wing, Ninth Floor
San José, California 95110-1770
Telephone: (408) 299-5900
Facsimile: (408) 292-7240

Attorneys for Defendants
COUNTY OF SANTA CLARA and
DANIEL HO

> *Exempt from Filing Fees*
> *Pursuant to Gov. Code, § 6103*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(San José Division)

| | |
|---|---|
| CALVARY CHAPEL SAN JOSE, et al.,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>COUNTY OF SANTA CLARA,<br><br>　　　　Defendant. | No. 20-CV-03794 BLF<br><br>**DEFENDANTS COUNTY OF SANTA CLARA AND DANIEL HO'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |

Pursuant to Civil Local Rule 3-12(e), Defendants County of Santa Clara ("County") and Professor Daniel Ho ("Professor Ho")[1] respond as follows to Plaintiffs Calvary Chapel San Jose ("Calvary") and Mike McClure's (collectively, "Plaintiffs") Administrative Motion to consider whether *Calvary Chapel San Jose, et al. v. County of Santa Clara, et al.*, Northen District of California, No. 23-CV-04277-VC (the "Chhabria Action") should be related to the stayed case pending before this Court.  In sum, the County and Professor Ho do not oppose relation of the two

---

[1]  As noted in Plaintiffs' papers, "Daniel Ho has not yet appeared" in the Chhabria Action.  ECF 299 at 1.  Professor Ho is specially appearing for the narrow purpose of this filing and to the extent any ruling on Plaintiffs' motion might impact when he might be required to formally appear.

1  cases, so long as the Chhabria Action remains stayed to the same extent as the present case.

2  The Court first considers whether "[t]he actions concern substantially the same parties,

3  property, transaction, or event." Civ. L.R. 3-12(a)(1). Here, both cases concern substantially the

4  same transaction or event because Plaintiffs' claims in the Chhabria Action reproduce images

5  from—and are wholly based on a misconstruction of—Professor Ho's expert report served in this

6  case on behalf of the County. *Compare* Chhabria Action, ECF at Ex. 3 *with id.*, ECF 27 at ¶¶ 23-38.

7  The Chhabria Action is therefore derivative of earlier litigation conduct in this case—as Plaintiffs

8  concede when they note that "as the claims in the Chhabria Action arise out of conduct undertaken

9  in this action" (ECF 299 at 1)—which is why the County moved Judge Chhabria to dismiss that

10  action under the *Noerr-Pennington* doctrine and other applicable comity principles.[2] *See* Chhabria

11  Action, ECF 33. In the present case, Plaintiffs allege, *inter alia*, that the County improperly

12  surveilled Calvary and its staff, visitors, and congregants as part of the County's efforts to enforce

13  violations of its COVID-19 related public health orders. ECF 167 at ¶¶ 6, 88, 144. In the Chhabria

14  Action, Plaintiffs allege that this supposed surveillance also included geofencing, to collect and

15  "weaponize" location data for use against Plaintiffs—notably, in the same action in Santa Clara

16  County Superior Court that the County brought to enforce Plaintiffs' COVID-19 health order

17  violations and on which this Court's stay order under *Younger* (ECF 279) is based. *See*, *e.g.*,

18  Chhabria Action, ECF 27 at ¶¶ 2, 115, 116.

19  The substantial similarity in parties across both cases—Calvary, McClure, and the County—

20  also favors relation. Although SafeGraph and Professor Ho are parties only in the Chhabria Action,

21  they are alleged to be mere agents or instruments of the County. *See*, *e.g.*, *id.* at ¶¶ 31 ("The

22  surveillance was initiated by the County . . . [and] SafeGraph was acting as an instrument of the

23  County . . .") 36 ("Daniel Ho also acted as agent of the County."). Moreover, Plaintiffs added

24

25

26  [2] Rather than rule on the County's Federal Rule of Civil Procedure 12 arguments for dismissal (or

27  defendant SafeGraph Inc.'s Rule 12 motion), Judge Chhabria opted to stay the Chhabria Action

28  pending Plaintiffs' Ninth Circuit appeal of this Court's *Younger* order. Chhabria Action, ECF 57.

1  Professor Ho only after the County raised its arguments based on *Noerr-Pennington* immunity, the

2  claim-splitting doctrine, and the first-to-file rule.  *See id.* at ECF 25, 27.

3      The Court also considers whether "[i]t appears likely that there will be an unduly

4  burdensome duplication of labor and expense or conflicting results if the cases are conducted before

5  different Judges."  Civ. L.R. 3-12(a)(2).  As to the County, duplication of labor is more than a

6  likelihood; it is a certainty.  In both the present case and the state enforcement action—for which the

7  Court entered the parties' discovery cross-use stipulation (ECF 84)—Plaintiffs have already taken

8  extensive written and deposition discovery of the County's efforts and methods to enforce then-

9  applicable COVID-19 public health orders on both Plaintiffs and others—including depositions of

10  the head of the County's civil enforcement team and the individual enforcement officers who offered

11  evidence of Plaintiffs' violations.  Plaintiffs tacitly acknowledge this fact by arguing that "it appears

12  likely that there will be an unduly burdensome duplication of labor and expense in the Chhabria

13  Action of that *already undertaken in this action*."  ECF 299 at 2 (emphasis added).  If there were any

14  merit to Plaintiffs' theory of geofencing surveillance that Plaintiffs allege in the Chhabria Action,

15  evidence of it would have surfaced through that discovery.  Indeed, even after this Court entered the

16  *Younger* stay in March 2023, discovery remained available to Plaintiffs in the state action for *almost*

17  *a year* until the Superior Court entered judgment in February 2024.

18      As to SafeGraph and Professor Ho, no discovery has been taken of them because they are not

19  parties in the case before this Court.  The County, however, has responded recently to Plaintiffs'

20  requests under California's Public Records Act for any documents that might support their

21  geofencing claims against the County, Professor Ho, and SafeGraph.  Therefore, to the extent

22  Plaintiffs' geofencing surveillance claims can survive the pending pleadings challenges, the test for

23  relation appears to be met—at least for Plaintiffs' claims against the County.

24      If these two cases are related, however, the Court should order a stay of the Chhabria Action

25  that is coterminous and coextensive with the *Younger* stay for several reasons.  First, this is the

26  outcome Judge Chhabria recently noted he would order if this Court does *not* relate the cases, except

27  that SafeGraph, given its unique posture, may then reschedule a hearing on its motion to dismiss.

28  *See* Chhabria Action, ECF 78.  Second, Plaintiffs have confirmed, in recent meet and confer

discussions, that they would stipulate to a stay of the Chhabria Action, including if that case were

consolidated with the present case.  Third, a stay of both cases would advance the interest of judicial

economy given the derivative nature of the allegations and claims asserted in the Chhabria Action.

     For these reasons, the County and Professor Ho do not oppose Plaintiffs' Administrative

Motion, so long as the Chhabria Action remains stayed to the same extent as the present case.


Dated:  July 22, 2024

Respectfully submitted,

TONY LOPRESTI
County Counsel

By:  _/s/ Xavier M. Brandwajn_
XAVIER M. BRANDWAJN
Deputy County Counsel

Attorneys for Defendants
COUNTY OF SANTA CLARA and
DANIEL HO

3079950